1    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     JEFF G. RANDALL (SB# 130811)
2    THOMAS VIGDAL (SB# 252814)
     1117 S. California Ave.
3    Palo Alto, CA  94304-1106
     Telephone:  (650) 320-1800
4    Facsimile:  (650) 320-1900
     jeffrandall@paulhastings.com
5    thomasvigdal@paulhastings.com

6
     Attorneys for Defendant
7    INTERNATIONAL BUSINESS MACHINES
     CORPORATION
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12   BRUCE BIERMAN,                          CASE NO.  ___C10-04199___

13                 Plaintiff,                DEFENDANT INTERNATIONAL
                                             BUSINESS MACHINES CORPORATION'S
14        vs.                                NOTICE OF REMOVAL OF CIVIL
                                             ACTION FROM STATE COURT
15   INTERNATIONAL BUSINESS
     MACHINES CORPORATION; and DOES
16   1 through 100, inclusive,               [28 U.S.C. §§ 1332, 1446]

17                 Defendants.

18

19

20

21

22

23

24

25

26

27

28

     DEFENDANT'S NOTICE OF REMOVAL                    CASE NO.

1    TO THE CLERK OF THE ABOVE ENTITLED COURT:

2    PLEASE TAKE NOTICE THAT International Business Machines Corporation

3    ("Defendant"), in the above-titled action, hereby removes this matter to the United States District

4    Court for the Northern District of California, pursuant to 28 U.S.C. § 1332 and § 1446.  The

5    grounds for removal are as follows.

6                    **Compliance with Statutory Requirements**

7    1.    On or about July 30, 2010, Bruce Bierman (the "Plaintiff") filed a complaint in the

8    Superior Court of the State of California for the County of Marin, Case No. CIV 1004029,

9    captioned *Bruce Bierman v. International Business Machines Corporation; and DOES 1 through*

10   *100, inclusive*.  Plaintiff asserts the following eight (8) purported causes of action against the

11   Defendant:  (1) Misappropriation of Trade Secrets; (2) Breach of Confidence; (3) Breach of

12   Implied-in-Fact Contract; (4) Intentional Misrepresentation; (5) Breach of Contract – Non-

13   Disclosure Agreement; (6) Breach of Contract – Licensing Agreement; (7) Unjust

14   Enrichment/Restitution; and (8) An Accounting.

15   2.    In this matter, Plaintiff seeks a preliminary and permanent injunction; an

16   accounting; a constructive trust consisting of all revenues received by Defendant from its

17   wrongful conduct; restitution and disgorgement; damages; punitive damages; pre- and post-

18   judgment interest; attorneys' fees and costs; and any other relief the court deems proper.

19   3.    On August 18, 2010, Plaintiff served Defendant with a copy of the Complaint.

20   Defendant's removal of this action is timely because Defendant is removing this matter within 30

21   days of Plaintiff's completion of service.  *See* 28 U.S.C. § 1446(b).

22   4.    In accordance with 28 U.S.C. § 1446(b), attached hereto as Exhibit A is a true and

23   correct copy of all process, pleadings, or orders in this action.

24   5.    Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide written notice

25   of removal of the Action to Plaintiff and promptly will file a copy of this Notice of Removal with

26   the Clerk of the Superior Court of the State of California for the County of Marin.

27

28

DEFENDANT'S NOTICE OF REMOVAL          -2-          CASE NO.

1

## Removal to this District and Intradistrict Assignment

2       6.      Plaintiff filed this case in the Superior Court of the State of California for the

3   County of Marin, and this case may properly be removed to the Oakland Division or San

4   Francisco Division of the Northern District of California. *See* 28 U.S.C. § 1441(a); Civil L. R. 3-

5   2(c), (d), 3-5(b).

6

## Jurisdiction:  Traditional Diversity

7       7.  ˙  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this is

8   an action between "citizens of different States" and the "matter in controversy exceeds the sum or

9   value of $75,000, exclusive of interest and costs."

10

## Citizens of Different States

11      8.      The requirement that the plaintiff must be a citizen of a different state than all

12  properly joined, non-fictitious defendants is met in this case.  *See* 28 U.S.C. §§ 1332(a)(1),

13  1441(a).

14      9.      ***International Business Machines Corporation***:   International Business Machines

15  Corporation ("IBM") is a New York corporation with its principal place of business in New York

16  and is therefore a citizen of New York. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S.

17  Ct. 1181, 1192 (2010) (holding that a corporation's principal place of business is its "nerve

18  center," which will normally be where it maintains its headquarters).   IBM's Worldwide

19  Headquarters are located in Westchester County, New York, as are the headquarters for its

20  operating units.

21      10.    ***Bruce Bierman***:   Bruce Bierman alleges that he is a ˙ resident of California.

22  (Complaint ¶¶ 8, 13.)

23

## Amount of Matter in Controversy

24      11.    Although Defendant does not in any way concede liability, Plaintiff's claims place

25  in controversy amounts well over $75,000.   *See* 28 U.S.C. § 1332.   "In actions seeking

26  declaratory or injunctive relief, it is well established that the amount in controversy is measured

27  by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432

28  U.S. 333, 347 (1977); *Cohn v. Petsmart, Inc.*, 282 F.3d 837, 840 (9th Cir. 2002). The value of the

1    object of the litigation may be measured from the perspective of either the plaintiff or the

2    defendant. *See In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001); *Ridder Bros. v. Blethen*,

3    142 F.2d 395, 399 (9th Cir. 1944).

4           12.    Measured from any perspective, the allegations in the Complaint easily exceed the

5    amount-in-controversy threshold. Plaintiff alleges that IBM misappropriated his trade secrets,

6    and makes numerous other claims arising out of the alleged misappropriation of trade secrets, and

7    alleges that IBM profited from that action for an alleged quarter-century. Plaintiff seeks recovery

8    for all revenues received from these actions during this quarter-century and also seeks an

9    injunction to stop IBM from further using Plaintiff's alleged trade secrets.

10          13.    Plaintiff's claim appears to relate to a functionality in personal computers—a

11    "resume" type function after a power failure or computer shutdown. (Complaint ¶ 3.) Prior to

12    IBM divesting its Personal Computing Division to Lenovo Group, IBM's hardware and software

13    revenue from its Personal Computing Division was greater than $1 billion from 2000 through

14    2004. (Decl. of Frank S. Tobitsch, ¶ 2.) IBM no longer has a Personal Computing Division. (*Id.*

15    ¶ 3.) Without even including the entire time period alleged, the "all revenues" sought by Plaintiff

16    will be worth far in excess of $75,000. *Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166,

17    1173 (using the size and scale of a defendant's business to find that the amount in controversy

18    was satisfied).

19          14.    In establishing the amount in controversy for purposes of removal, Defendant does

20    not concede in any way that the allegations in the Complaint are accurate, that Defendant violated

21    any law or regulation, that the Plaintiff's claims are cognizable, or that Plaintiff is entitled to any

22    damages

23          WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior

24    Court of the State of California, County of Marin.

25

26

27

28

1   Dated:  September 17, 2010.         PAUL, HASTINGS, JANOFSKY & WALKER LLP

2
                                        By: _____
3                                              Thomas Vigdal

4                                       Counsel for Defendant
                                        International Business Machines Corporation
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL            -5-          CASE NO.

1     PAUL, HASTINGS, JANOFSKY & WALKER LLP
      JEFF G. RANDALL (SB# 130811)
2     THOMAS VIGDAL (SB# 252814)
      1117 S. California Ave.
3     Palo Alto, CA  94304-1106
      Telephone:  (650) 320-1800
4     Facsimile:  (650) 320-1900
      jeffrandall@paulhastings.com
5     thomasvigdal@paulhastings.com

6

7     Attorneys for Defendant
      INTERNATIONAL BUSINESS MACHINES
      CORPORATION

8

9                 UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12     BRUCE BIERMAN,                  CASE NO. _____

13             Plaintiff,         **DECLARATION OF FRANK S.**
                                   **TOBITSCH IN SUPPORT OF**
14        vs.                         **DEFENDANT INTERNATIONAL**
                                   **BUSINESS MACHINES CORPORATION'S**
15     INTERNATIONAL BUSINESS      **NOTICE OF REMOVAL**
      MACHINES CORPORATION; and DOES
16     1 through 100, inclusive,

17             Defendants.

18

19

20

21

22

23

24

25

26

27

28

                                     DECL. OF FRANK S. TOBITSCH ISO OF
                                         IBM'S NOTICE OF REMOVAL

I, Frank S. Tobitsch, declare as follows:

1.      I am employed at International Business Machines Corporation ("IBM") as a Manager, World Wide Storage, Systems and Technology Group Accounting. I make this declaration in support of defendant's notice of removal of this action to this Court. Except as otherwise indicated, I have personal knowledge of the facts set forth in this declaration and, if called upon to do so, could and would testify competently to them.

2.      Prior to IBM divesting its Personal Computing Division to Lenovo Group, IBM's hardware and software revenue from its Personal Computing Division was greater than $1 billion from 2000 through 2004.

3.      IBM no longer has a Personal Computing Division.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 13, 2010, at Somers, New York.


_Frank S. Tobitsch_ (signature)

Frank S. Tobitsch

DECL. OF FRANK S. TOBITSCH ISO OF
IBM'S NOTICE OF REMOVAL.

# EXHIBIT A

1   Brian S. Kabateck, SBN 152054
      (bsk@kbklawyers.com)
2   Richard L. Kellner, SBN 171416
      (rlk@kbklawyers.com)
3   Alfredo Torrijos, SBN 222458
      (at@kbklawyers.com)
4   Karen Liao, SBN 256072
      (kliao@kbklawyers.com)
5   Michael Storti, SBN 260215
      (ms@kbklawyers.com)
6   **KABATECK BROWN KELLNER LLP**
    644 S. Figueroa Street
7   Los Angeles, California 90017
    Telephone: (213) 217-5000
8   Fax: (213) 217-5010

9   Attorneys for Plaintiff
10  Bruce Bierman

11

**FILED**

JUL 3 0 2010

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: K. Main. Deputy*

12          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

13                          **COUNTY OF MARIN**

14  BRUCE BIERMAN,                      Case No. **CIV 1 0 0 4 0 2 9**

15              Plaintiff,             **CIVIL COMPLAINT**

16          v.

17                                      **JURY TRIAL DEMANDED**

18  INTERNATIONAL BUSINESS
    MACHINES CORPORATION; and
19  DOES 1 through 100, inclusive;

20          Defendants.

21

22

23          Plaintiff Bruce Bierman ("Plaintiff") by his attorneys, makes the following

24  allegations based upon information and belief, except as to those allegations

25  specifically pertaining to Plaintiff and his counsel, which are based on personal

26  knowledge.  Plaintiff brings this action for damages and injunctive relief against

27  Defendants, demanding a trial by jury.

28

SUMMONS ISSUED            CIVIL COMPLAINT

## NATURE OF THE ACTION

1.    Through extensive research and development, and the expenditure of a considerable amount of time, effort and a substantial amount of money, Plaintiff invented and developed a product and technology named "Bookmark."

2.    Bookmark is data protection software which, for the first time, provided worry-free computing by automatically, and/or manually, "taking a picture" of the computer system's state, suspending all open programs and unsaved work, and storing that "image" to the system's non-volatile storage medium for later resumption, either automatically or manually.  This new technology allowed users to auto-resume work in the event of power failure, hardware breakdowns or system shutdown.  This technology also allowed computer users to conveniently and instantly pick up where they left off by pressing the "resume" key command with a single keystroke.  Thus, like placing a bookmark in a book to save a reader's place, Bookmark did the same electronically for computers – an "electronic bookmark" allowing users to "mark" their place with respect to the entire system.  Additionally, Bookmark had a built-in optional password protection feature, allowing users to keep their Bookmarked work private.

3.    Between 1985 and 1995, Plaintiff engaged in discussions and negotiations with Defendant International Business Machines Corporation ("IBM") for the licensing of Plaintiff's Bookmark products and/or Bookmark technology.

4.    Based upon IBM's false representation that it intended to license Plaintiff's Bookmark products and/or Bookmark technology and after IBM entered into a binding non-disclosure agreement, Plaintiff disclosed to IBM confidential information constituting trade secrets about his Bookmark technology.  Pursuant to the parties' non-disclosure agreement, IBM agreed, among other promises, to maintain the secrecy of Plaintiff's confidential information and to not use the confidential information for purposes other than those necessary to directly further

CIVIL COMPLAINT

1   IBM's evaluation specifically for the purpose of potentially licensing Plaintiff's
2   Bookmark products and/or Bookmark technology.
3       5.      Unbeknownst to Plaintiff, IBM's representations were false. Plaintiff
4   has since learned that IBM had no intention of licensing Plaintiff's Bookmark
5   products or Bookmark technology and only engaged in discussions and
6   negotiations for the sole purpose of wrongfully obtaining Plaintiff's confidential
7   information and trade secrets. Had Plaintiff known that IBM had no intention of
8   ever licensing Plaintiff's Bookmark products or Bookmark technology, Plaintiff
9   would never have agreed to provide IBM with his confidential information and
10  trade secrets.
11      6.      In or around June 2010, Plaintiff discovered for the first time that
12  IBM stole Plaintiff's Bookmark technology and wrongfully disclosed and used
13  Plaintiff's technology for its own financial gain, profit and business advantage.
14  Indeed, since June 2010 Plaintiff discovered – for the first time – that during the
15  same period that IBM's licensing negotiations with Plaintiff were taking place,
16  IBM applied for and obtained patents for data protection technology substantially
17  similar to Plaintiff's Bookmark technology.
18      7.      This action arises from IBM's wrongful disclosure and use of
19  Plaintiff's trade secrets. Accordingly, Plaintiff brings this action asserting claims
20  for misappropriation of trade secrets in violation of *Civil Code* section 3426 et seq.,
21  breach of confidence, breach of an implied-in-fact contract, unjust enrichment,
22  intentional misrepresentation and breach of contract against IBM.
23
24                          **THE PARTIES**
25      8.      At all relevant times until 1992, Plaintiff Bruce Bierman was a
26  resident of the County of Marin, California.
27      9.      Plaintiff is informed and believes, and on that basis alleges, that
28  International Business Machines Corporation ("IBM") is a New York corporation

1    with its principal place of business at 1 New Orchard Road, Armonk, New York

2    10504.  Plaintiff is informed and believes, and on that basis alleges, that IBM sells

3    and markets technology products and services in the State of California and in this

4    judicial district.

## GENERAL ALLEGATIONS

5

6         10.    Plaintiff is currently ignorant of the true names and capacities,

7    whether individual, corporate, associate, or otherwise, of the Defendants sued

8    herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues

9    these defendants under fictitious names.  Plaintiff will amend this complaint to

10   allege the true names and capacities of said fictitiously named Defendants when

11   their true names and capacities have been ascertained.  Plaintiff is informed and

12   believes and thereon alleges that each of the fictitiously named Doe Defendants are

13   legally responsible in some manner for the events and occurrences alleged herein,

14   and for the damages suffered by Plaintiff.

15        11.    Plaintiff is informed and believes, and on that basis alleges, that all

16   Defendants, including the fictitious Doe Defendants, were at all relevant times

17   acting as actual agents, captive agents or brokers, conspirators, ostensible agents,

18   partners, brokers and/or joint venturers and employees of all other Defendants, and

19   that all acts alleged herein occurred within the course and scope of said agency,

20   employment, partnership, joint venture, conspiracy and/or enterprise, and with the

21   express and/or implied permission, knowledge, consent, authorization and

22   ratification of their co-defendants; however, this allegation is pleaded as an

23   "alternative" theory wherever not doing so would result in a contradiction with

24   other allegations.

25        12.    All allegations in this complaint are based on information and belief

26   and/or are likely to have evidentiary support after a reasonable opportunity for

27   further investigation or discovery.  Whenever allegations in this complaint are

28   contrary or inconsistent, such allegations shall be deemed alternative.

— 4 —

CIVIL COMPLAINT

**JURISDICTION AND VENUE**

13.     This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in the State of California. Venue is proper because the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

**FACTUAL BACKGROUND**

14.     Plaintiff created developed the technology for computer software which he eventually named "Bookmark." Designed to prevent the loss of valuable data due to electrical power fluctuations, hardware breakdowns, or system shutdown, Bookmark automatically or manually "took a picture" and stored an image of a computer system's RAM (Random Access Memory containing open programs and unsaved work) and the system's state, to the computer's non-volatile storage medium or hard disk. Bookmark allowed the user to automatically resume previous work, or resume with a single keystroke after system power up, among other methods. Additionally, Bookmark offered a built-in password protection function to prevent unauthorized viewing of Bookmarked work by others, among other features.

15.     In or around June 1986, Plaintiff founded, formed and solely owned software publishing and marketing companies from 1986 to 1996 bearing the names Intellisoft International, Inc., Solidsoft, Inc., Silverware, Inc., Intellisoft, Ltd. and Intellisoft GmbH (collectively "Intellisoft") to sell and/or license the Bookmark products and Bookmark technology. Plaintiff and Intellisoft were located in the City of Novato, California until 1992 when they relocated to Woodland Hills, California.

— 5 —

**CIVIL COMPLAINT**

16.     In or around June 1986 – before Bookmark was publicly available –
Plaintiff contacted IBM with an offer to license the Bookmark products or
Bookmark technology to IBM for it to sell as an integrated component in its
computer systems.  When Plaintiff initially approached IBM with this offer, he
provided IBM with a general description of Bookmark, a sample licensing
agreement and pricing sheet.  After receiving these materials, IBM indicated that it
was interested in potentially licensing Plaintiff's Bookmark products or Bookmark
technology and requested that Plaintiff provide it with a copy of the Bookmark
software for evaluation.  Plaintiff agreed to provide IBM with an evaluation copy
of the Bookmark software but only if IBM first agreed to enter into and by bound
by a confidentiality and non-disclosure agreement ("NDA").

17.     IBM agreed to be bound by an NDA and did in fact negotiate and
enter into an NDA.  Pursuant to that NDA IBM agreed, *in haec verba*:

> "that information disclosed by Intellisoft International
> having offices in Novato, CA. ("Intellisoft"), including
> information acquired by Receiving Party from Intellisoft
> employees or inspection of Intellisoft's property, relating to
> Intellisoft's products, designs, business plans, finances,
> research, development, know-how, confidential information
> disclosed to Intellisoft by third parties and information
> particularly with regard to the: memory image transfer
> technology incorporated in pc and macintosh runtime
> software and source code, including but not limited to the
> software products distributed under the trademark
> Bookmark, and marketing contacts shall be considered
> Confidential Information";

> "to maintain the confidence of the Confidential Information
> and to prevent its unauthorized dissemination"; and

> "not to use the Confidential Information for purposes other
> than those necessary to directly further the: evaluation with
> regards to potential licensing and development of the

— 6 —

CIVIL COMPLAINT

disclosed technology for use with computers, power supply products, backup power supply products, plug in UPS systems and low battery detection systems."

18.    In the NDA, IBM also acknowledged, *in haec verba*, "that unauthorized disclosure or use of Confidential Information could cause irreparable harm and significant injury which may be difficult to ascertain."

19.    After IBM entered into the NDA, Plaintiff sent IBM a specially compiled, non-public and confidential "evaluation version" of the Bookmark software. The media containing the evaluation version of the Bookmark software that Plaintiff sent IBM was shrink-wrapped with a printed copy of the "Notice of Limited Warranty and Licensing Agreement" visible through the shrink-wrap. A true and correct copy of the "Notice of Limited Warranty and Licensing Agreement" is attached hereto as Exhibit A.

20.    Affixed to the shrink-wrap was a silver metallic sticker that stated in bold text, *in haec verba*:

> **For Evaluation Purposes Only**
> **Not for Resale**

21.    The "Notice of Limited Warranty and Licensing Agreement" that was visible through the shrink-wrap provided in relevant part:

> IMPORTANT! YOU SHOULD CAREFULLY READ THE TERMS AND CONDITIONS BELOW, AND THE TERMS AND CONDITIONS OF THE INTELLISOFT INTERNATIONAL LIMITED WARRANTY AND LICENSE AGREEMENT BEFORE OPENING THIS PACKAGE. OPENING THIS PACKAGE INDICATES YOUR ACCEPTANCE OF ALL THE FOLLOWING TERMS AND CONDITIONS. IF YOU DO NOT AGREE WITH THEM, YOU SHOULD PROMPTLY RETURN THE PACKAGE UNOPENED AND YOUR

— 7 —

CIVIL COMPLAINT

1    MONEY WILL BE REFUNDED.

2    BOOKMARK™ software is offered under the terms and
3    conditions    of    the    enclosed    INTELLISOFT
     INTERNATIONAL   LIMITED   WARRANT   AND
4    LICENSE AGREEMENT.   A copy of this LIMITED
5    WARRANTY AND LICENSE AGREEMENT may be
     obtained from your dealer or by writing INTELLISOFT
6    INTERNATIONAL at the above address.

7
                                  [...]
8

9    Our LICENSE AGREEMENT sets forth the terms and
10   conditions under which you may use, copy and merge
     program and transfer the program and license.  You may
11   use the program on a single machine, but may not use,
12   copy, modify, transfer, foreign language translate, or
     electronically transfer the program, or any copy,
13   modification or merged portion, in whole or in part,
14   except as expressly provided for in the LICENSE
     AGREEMENT.  If you transfer possession of any copy,
15   modification or merged portion of the program to another
16   party, your license is automatically terminated.

17   [Exhibit A.]

18        22.   The "Notice of Limited Warranty and Licensing Agreement" also

19   stated the following:

20   Bookmark™   is   a   trademark   of   INTELLISOFT
21   International.   Copyright © 1986 by INTELLISOFT
     International.  All Rights Reserved.  Patent Pending.
22

23   [Exhibit A.]

24

25

26

27

28

                              — ° —
                         **CIVIL COMPLAINT**

23.    As part of the process of installing the evaluation version of the Bookmark software that Plaintiff sent IBM the following would be displayed on the screen of the computer, *in haec verba*:

> ### BOOKMARK IS NOT COPY PROTECTED
>
> This copy of BOOKMARK software may be used only on a single authorized computer in accordance with the terms and conditions of the INTELLISOFT International Limited Warranty and License Agreement.  Our "install/de-install" is not related to copy protection. (NOTE: USA and Canada only.)
>
> Copyright (c) 1986
> All Rights Reserved.  Patent Pending.

24.    In addition to the "Notice of Limited Warranty and Licensing Agreement," the media containing the evaluation version of the Bookmark software that Plaintiff sent IBM was also shrink-wrapped with a printed copy of the "Intellisoft Limited Warranty, Disclaimers and License Agreement."  A true and correct copy of the "Intellisoft Limited Warranty, Disclaimers and License Agreement" is attached hereto as Exhibit B.

25.    The "Intellisoft Limited Warranty, Disclaimers and License Agreement" that was included with evaluation version of the Bookmark software that Plaintiff sent IBM provided in relevant part:

> You may not reverse assemble or reverse compile the program without INTELLISOFT's prior written consent. You must reproduce and include the copyright notice on any copy or portion merged into another program.
>
> YOU MAY NOT USE, COPY, MODIFY, FOREIGN LANGUAGE TRANSLATE OR ELECTRONICALLY

— 9 —
**CIVIL COMPLAINT**

1   TRANSFER THE PROGRAM, OR ANY COPY, MODIFICATION OR MERGED PORTION, IN
2   WHOLE OR IN PART, EXCEPT AS EXPRESSLY PROVIDED FOR IN THIS LICENSE.
3

4   [Exhibit B.]

5   26.   The "Intellisoft Limited Warranty, Disclaimers and License

6   Agreement" also provided in relevant part:

7       You may not sublicense, assign or transfer the license or
8       the program except as expressly provided in this
        Agreement. Any attempt otherwise to sublicense, assign
9       or transfer any of the rights, duties or obligations
10      hereunder is void.

11  [Exhibit B.]

12  27.   From the summer of 1986 through 1995, IBM consistently

13  represented to Plaintiff that it was interested in licensing Plaintiff's Bookmark

14  products and/or Bookmark technology. During this evaluation process, IBM

15  requested and obtained confidential information from Plaintiff, including: (i) the

16  methods and processes employed by the Bookmark products; (ii) techniques for

17  dealing with specific compatibility issues between the Bookmark products and

18  other software (including third-party programs, the operating system and device

19  drivers); and (iii) Plaintiff's marketing plans and customer lists.

20  28.   Despite this extensive "evaluation process," IBM never licensed

21  Plaintiff's Bookmark products and/or Bookmark technology.

22  29.   Throughout the entire "evaluation process," IBM concealed from

23  Plaintiff that: (i) IBM was developing software that would replicate the function

24  and features of Bookmark; (ii) IBM was applying for patents based on Plaintiff's

25  Bookmark technology; or (iii) IBM was incorporating Plaintiff's Bookmark

26  products and/or Bookmark technology in its products without licensing the

27  technology from Plaintiff.

28

— 10 —

**CIVIL COMPLAINT**

30.    In March 2010, Plaintiff was contacted by attorneys who stated that they represented Wistron Corporation ("Wistron"). The attorneys explained that Toshiba Corporation had filed a complaint with the U.S. International Trade Commission asserting that Wistron was infringing on its patents. According to these attorneys, they had learned through investigation and discovery that one or more of the patents that Toshiba Corporation sought to enforce involved technology that might have been developed by Plaintiff. Prior to being contacted by Wistron's attorneys, Plaintiff did not know and never had any reason to suspect that Toshiba Corporation – or anyone else, for that matter – had breached a non-disclosure agreement and had misappropriated his confidential Bookmark technology. Plaintiff thereafter began conducting an investigation concerning the patents that Toshiba Corporation had obtained. In the course of that investigation, Plaintiff discovered that IBM had also applied for and obtained one or more patents based on Plaintiff's Bookmark technology. Further investigation revealed that the IBM employee listed as an "inventor" on these patents was the same individual that was Plaintiff's "contact" at IBM when the company was "evaluating" Plaintiff's Bookmark products and Bookmark technology. Therefore, it was not until about June 2010 that Plaintiff had any knowledge of IBM's wrongful acts.

31.    Since June 2010, Plaintiff has learned that IBM misrepresented that it was interested in licensing Plaintiff's Bookmark products and/or Bookmark technology and concealed that it was developing software that would replicate the function and features of Bookmark, applying for patents based on Plaintiff's Bookmark technology and incorporating Plaintiff's Bookmark products and/or Bookmark technology in its products without licensing the technology from Plaintiff. As a result of its misrepresentations and concealments, IBM was able to successfully misappropriate the confidential information that it wrongfully obtained from Plaintiff by: (i) incorporating the technology in its products without

— 11 —

CIVIL COMPLAINT

1   paying Plaintiff for its use; (ii) misrepresenting that it developed the technology;

2   (iii) secretly applying for and obtaining patents here in the United States for the

3   Bookmark technology; and (iv) offering to license and licensing Plaintiff's

4   Bookmark products and/or Bookmark technology to others.

5        32.    IBM was able to obtain Plaintiff's confidential information solely

6   because IBM falsely represented that it would license and pay for Plaintiff's

7   technology if it used Plaintiff's technology.  In fact, IBM had no intention of

8   licensing or paying for Plaintiff's technology and instead made these

9   misrepresentations for the sole purpose of wrongfully obtaining and

10   misappropriating Plaintiff's confidential information.

11

12                    **FIRST CAUSE OF ACTION**

13                 **Misappropriation of Trade Secrets**

14              **(California Civil Code § 3426, et seq.)**

15        33.    Plaintiff re-alleges and incorporates by reference the allegations

16   contained in the preceding paragraphs of this complaint, as though fully set forth

17   herein.

18        34.    Plaintiff, through long and extensive research and development, and

19   the expenditure of a considerable amount of time, effort and money, developed

20   commercially valuable trade secrets and an extensive amount of confidential,

21   proprietary, technical and business information concerning the research,

22   development, formulation, production and marketing of technology behind

23   Bookmark.  Said information constitutes valuable commercial assets and a

24   competitive advantage to Plaintiff.  Plaintiff has kept said information secret with

25   restrictions on its use and disclosure by all those to whom said information has

26   been known.

27        35.    The aforementioned trade secrets and confidential information were

28   disclosed and entrusted to IBM.  This information was only provided to IBM: (i)

CIVIL COMPLAINT

1  after IBM represented that it would license and pay for the confidential

2  information if it used Plaintiff's technology in its products; and (ii) after IBM

3  agreed to and entered into a binding non-disclosure agreement which precluded the

4  use and disclosure of the information.  IBM knew that said information was

5  confidential and that it was considered to comprise trade secrets of Plaintiff.  IBM

6  also knew – and agreed – that said information was not to be revealed or used, that

7  it was a valuable commercial asset of Plaintiff and that Plaintiff had expended

8  much time, effort and money in developing the aforementioned confidential and

9  trade secret information.

10       36.     IBM breached its duty to maintain secrecy and limit its use by

11  disclosing and using Plaintiff's trade secrets and confidential information in

12  violation of *Civil Code* section 3426, et seq.

13       37.     As a direct and proximate result of IBM's misappropriation of

14  Plaintiff's trade secrets, Plaintiff has suffered actual losses within the meaning of

15  Section 3426.3(a) of California's Civil Code.  As a further proximate result of the

16  misappropriation, IBM has been unjustly enriched through the wrongful use of

17  Plaintiff's trade secrets.

18       38.     IBM knowingly, willfully and deliberately misappropriated Plaintiff's

19  trade secrets and confidential information with full knowledge of their secret,

20  confidential nature and their commercial value.  IBM's wrongful use and unlawful

21  exploitation of Plaintiff's trade secrets and confidential information constitutes

22  willful and malicious misappropriation.  Plaintiff, therefore, is entitled to punitive

23  damages pursuant to *Civil Code* § 3246.3(c).

24       39.     Plaintiff is entitled to an award of reasonable attorneys' fees pursuant

25  to *Civil Code* § 3426.4.

26       40.     The misappropriation of Plaintiff's trade secrets and confidential

27  information by IBM is greatly and irreparably damaging to Plaintiff.  IBM will

28

— 13 —

**CIVIL COMPLAINT**

1  continue to damage Plaintiff unless enjoined by this court pursuant to *Civil Code*

2  section 3426.2.

3

4  **SECOND CAUSE OF ACTION**

5  **Breach of Confidence**

6      41.    Plaintiff re-alleges and incorporates by reference the allegations

7  contained in the preceding paragraphs of this complaint, as though fully set forth

8  herein.

9      42.    Plaintiff disclosed and entrusted to IBM information regarding

10  Bookmark in confidence.   At the time that it received said information, IBM knew

11  that the information was confidential.  IBM knew that the information was not to

12  be revealed or used, that it was a valuable commercial asset of Plaintiff.  IBM also

13  knew that Plaintiff had expended much time, effort and money in developing the

14  aforementioned confidential information.

15      43.    Upon information and belief, IBM breached its duty to maintain

16  confidentiality by using and continuing to use Plaintiff's aforementioned

17  confidential information without Plaintiff's consent.

18      44.    As a direct, proximate and legal result of IBM's breach of confidence,

19  Plaintiff has suffered damages in an amount to be proved at trial.

20

21  **THIRD CAUSE OF ACTION**

22  **Breach of Implied-in-Fact Contract**

23      45.    Plaintiff re-alleges and incorporates by reference the allegations

24  contained in the preceding paragraphs of this complaint, as though fully set forth

25  herein.

26      46.    Plaintiff disclosed technology for Bookmark that he created to IBM

27  for potential licensing.  Through negotiations, Plaintiff submitted his work to IBM

28  with the understanding and expectation – fully and clearly understood by IBM –

— 14 —

**CIVIL COMPLAINT**

1   that Plaintiff would be reasonably compensated for its use by IBM.  IBM had the

2   opportunity to reject disclosure of Plaintiff's idea if Plaintiff's conditions were

3   unacceptable.  Instead, by using Plaintiff's technology in its own computer

4   products, IBM voluntarily accepted the disclosure knowing the conditions upon

5   which said information was tendered and the reasonable value of Plaintiff's work.

6   In doing so, IBM entered into an implied-in-fact contract, promising to compensate

7   Plaintiff for the use of Plaintiff's technology.

8        47.   By using Plaintiff's technology in its own computer products and not

9   compensating Plaintiff for the use of his work, IBM breached the terms of the

10  parties' implied-in-fact contract.

11       48.   As a direct, proximate and legal result of IBM's breach, Plaintiff has

12  been and continues to be, damaged.

13

14                      **FOURTH CAUSE OF ACTION**

15                      **Intentional Misrepresentation**

16       49.   Plaintiff re-alleges and incorporates by reference the allegations

17  contained in the preceding paragraphs of this complaint, as though fully set forth

18  herein.

19       50.   IBM made representations to Plaintiff that it intended to enter into a

20  licensing agreement with Plaintiff for the Bookmark products and/or Bookmark

21  technology when in fact it had no intention of doing so.

22       51.   IBM knew that the representation that it intended to enter into a

23  licensing agreement with Plaintiff were false when it made them and IBM made

24  them intentionally.  IBM also knew that said representations were material.

25       52.   IBM intended that Plaintiff rely on its representations and thereby

26  induced Plaintiff to disclose its trade secrets and confidential information.

27

28

---

— 15 —

**CIVIL COMPLAINT**

1      53.    Plaintiff reasonably relied on IBM's representation that it intended to
2  enter into a licensing agreement with Plaintiff.  Plaintiff would not have revealed
3  his trade secrets and confidential information to IBM had he known the truth.

4      54.    Plaintiff was harmed when his trade secrets and confidential
5  information were disclosed and wrongfully used without his consent.  Plaintiff's
6  reliance on IBM's misrepresentations was a substantial factor in causing the harm.

7      55.    IBM was motivated by its financial interest in lulling Plaintiff to
8  disclose confidential information and trade secrets, such as to constitute
9  oppression, fraud or malice under California *Civil Code* section 3294, entitling
10  Plaintiff to punitive damages in an amount appropriate to punish and set an
11  example of IBM.

12
13
14                    **FIFTH CAUSE OF ACTION**
15            **Breach of Contract – Non-Disclosure Agreement**
16      56.    Plaintiff re-alleges and incorporates by reference the allegations
17  contained in the preceding paragraphs of this Complaint, as though fully set forth
18  herein.

19      57.    IBM entered into a NDA with Intellisoft.

20      58.    Plaintiff was and is an intended third-party beneficiary of the NDA.

21      59.    Intellisoft and Plaintiff have performed all conditions, covenants, and
22  promises required on their part to be performed in accordance with the terms of the
23  NDA.

24      60.    Plaintiff is informed and believes and on that basis alleges that IBM
25  breached the NDA by disclosing and using Plaintiff's trade secrets and confidential
26  information.

27      61.    As a result of IBM's breach of the NDA, IBM has caused damage to
28  Plaintiff in an amount to be proven at trial.

                          — 16 —
                    **CIVIL COMPLAINT**

## SIXTH CAUSE OF ACTION

### Breach of Contract – Licensing Agreement

62.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

63.     IBM agreed to be bound by the Licensing Agreement.

64.     Plaintiff was and is an intended third-party beneficiary of the Licensing Agreement.

65.     Intellisoft and Plaintiff have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the Licensing Agreement.

66.     IBM has breached the Licensing Agreement by, among other things, decompiling the evaluation version of the Bookmark products, reverse engineering the evaluation version of the Bookmark products, incorporating portions of the Bookmark product into its systems, reselling the Bookmark products, failing to place Plaintiff's copyright notice on the systems that it sold with the Bookmark products and/or Bookmark technology, and filing patents based on Plaintiff's Bookmark technology.

67.     As a result of IBM's breach of the Licensing Agreement, IBM has caused damage to Plaintiff in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### Unjust Enrichment/Restitution

68.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

69.     IBM unjustly received benefits at the expense of Plaintiff through IBM's wrongful conduct, including, but not limited to, IBM's misappropriation of

— 17 —

**CIVIL COMPLAINT**

1  Plaintiff's Bookmark products and Bookmark technology, breach of the NDA and

2  breach of the Licensing Agreement.

3       70.    It would be unjust for IBM to retain any value it obtained as a result

4  of its wrongful conduct.

5       71.    Plaintiff is entitled to the establishment of a constructive trust

6  consisting of the benefit conferred upon IBM by the revenues derived from its

7  wrongful conduct at the expense of Plaintiff, and all profits derived from that

8  wrongful conduct.

9       72.    Plaintiff is further entitled to full restitution of all amounts in which

10  IBM has been unjustly enriched at Plaintiff's expense.

11

12                    **EIGHTH CAUSE OF ACTION**

13                         **An Accounting**

14       73.    Plaintiff re-alleges and incorporates by reference the allegations

15  contained in the preceding paragraphs of this Complaint, as though fully set forth

16  herein.

17       74.    IBM has obtained business through the use of unlawful conduct

18  including, but not limited to, IBM's misappropriation of Plaintiff's Bookmark

19  products and Bookmark technology, breach of the NDA and breach of the

20  Licensing Agreement.

21       75.    IBM has received money as a result of its misconduct, at the expense

22  of Plaintiff and some or all of such money is rightfully due to Plaintiff.

23       76.    The amount of money due from IBM to Plaintiff cannot be

24  ascertained without an accounting of the income and gross profits that IBM has

25  obtained through its wrongful and unlawful conduct.

26       77.    Plaintiff is entitled, therefore, to a full accounting.

27

28

                    **CIVIL COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following:

1.    For a preliminary and permanent injunction restraining Defendant IBM, as well as its officers, agents, servants, employees and attorneys, and those in active concert or participation with any of them, from further use of Plaintiff's trade secrets and confidential information;

2.    For an accounting;

3.    For an Order finding a constructive trust for Plaintiff's benefit, consisting of all revenues received by Defendants from their wrongful conduct which should rightfully have been received by Plaintiff and all profits derived from that wrongful conduct, and directing Defendants to pay all such sums to Plaintiff;

4.    For restitution and disgorgement of all ill-gotten gains unjustly obtained and retained by Defendants through the acts complained of herein;

5.    For damages to be proven at trial;

6.    For punitive damages in an amount to be determined at trial;

7.    For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

8.    For an Order awarding Plaintiff his attorneys' fees and costs;

9.    For an Order awarding Plaintiff all such other and further relief that the Court may deem just and proper.

DATED: July 29, 2010               **KABATECK BROWN KELLNER LLP**

By: _____
Brian S. Kabateck
Richard L. Kellner
Alfredo Torrijos
Karen Liao
Michael Storti

*Attorneys for Plaintiff Bruce Bierman*

**CIVIL COMPLAINT**

1

### DEMAND FOR JURY TRIAL

2     Plaintiff hereby demands trial by jury of all claims and causes of action in

3  this lawsuit.

4

5  DATED: July 29, 2010          **KABATECK BROWN KELLNER LLP**

6

7                                By: _____

8                                    Brian S. Kabateck
                                     Richard L. Kellner
9                                    Alfredo Torrijos
                                     Karen Liao
10                                   Michael Storti

11                               *Attorneys for Plaintiff Bruce Bierman*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CIVIL COMPLAINT**

Exhibit A

## DATA PROTECTION SOFTWARE

**AUTOMATED SAVE, EXIT AND RESUME**
- If you decide to call it a day, you can power down, and upon restart BOOKMARK will bring you back to the point of the last BOOKMARK placement. It's like having a BOOKMARK in your computer!
- Actually works faster than reloading program and reloading file the old way . . . the BOOKMARK way puts you there faster!

**EASY TO USE**
- You decide how often work is saved, by number of keystrokes and/or number of minutes.

**ELIMINATES NEED FOR BACK-UP BATTERY**
- Costly back up battery systems are no longer needed when work in progress is already saved to the point of the previous BOOKMARK placement.

**FULLY AUTOMATED**
- Eliminates the need for user control . . . you can even run a program overnight, and if the power fails, BOOKMARK's Auto-Resume function allows your computer to resume operation without intervention.

**HARD DISK FULL PROTECTION**
- Disk Full messages no longer result in loss of work in progress because BOOKMARK already has hard disk space set aside.

**PREVENTS DATA LOSS DUE TO POWER FAILURE**
- BOOKMARK runs with most software and saves as you go to prevent accidental data loss.
- Work in progress can be resumed within seconds after system crash, frozen keyboard, power failure, accidental reset or power down.

**TRANSPARENT OPERATION**
- BOOKMARK operates without interfering with most programs.

BOOKMARK is a memory resident utility that automatically and periodically takes a snapshot of system and video RAM then saves it to a reserved and hidden area of the hard disk subsystem. Work in progress can be resumed within four to eight seconds after reboot. Resumption speed is dependent upon your processor and hard disk speed.

REQUIREMENTS
IBM PC/XT/AT OR 100% IBM COMPATIBLE • 256K TO 640K RAM • IBM DOS 2.1 OR HIGHER
1 FLOPPY DISK DRIVE • HARD DISK (10 MEGABYTES MINIMUM)
VIDEO DISPLAY ADAPTER: IBM (MONOCHROME, COLOR/GRAPHICS, ENHANCED
COLOR/GRAPHICS) AST, HERCULES.
(BOOKMARK OCCUPIES AN EQUIVALENT AMOUNT OF SPACE
ON YOUR HARD DISK AS IS SYSTEM RAM PLUS VIDEO RAM)



INTELLISOFT.

INTERNATIONAL

70 Digital Drive • P.O. Box 5055 • Novato, California 94948 • (415) 883-1188

NOTICE OF LIMITED WARRANTY AND LICENSE AGREEMENT

IMPORTANT! YOU SHOULD CAREFULLY READ THE TERMS AND CONDITIONS BELOW, AND THE TERMS AND CONDITIONS OF THE INTELLISOFT (INTERNATIONAL) LIMITED WARRANTY AND LICENSE AGREEMENT BEFORE OPENING THIS PACKAGE. OPENING THIS PACKAGE INDICATES YOUR ACCEPTANCE OF ALL THE FOLLOWING TERMS AND CONDITIONS. IF YOU DO NOT AGREE WITH THEM, YOU SHOULD PROMPTLY RETURN THE PACKAGE UNOPENED AND YOUR MONEY WILL BE REFUNDED.

BOOKMARK™ software is offered under the terms and conditions of the enclosed INTELLISOFT INTERNATIONAL LIMITED WARRANTY AND LICENSE AGREEMENT. A copy of the LIMITED WARRANTY AND LICENSE AGREEMENT is available from your dealer or by writing INTELLISOFT (International) at the above address.

Our LIMITED WARRANTY states that programs are provided "as is" without warranty or any kind, express or implied, that the program diskettes are warranted to be free from defects in material and workmanship for a period of 90 days from date of delivery. Our LICENSE AGREEMENT states that the terms and conditions under which you may use (copy and/or modify) the program and data refer to the program and license. You may use the program on a single machine, but may not copy or otherwise transfer title to the program (except as part of the normal use), nor transfer any copy, modification or merged portion of the program to any other party, except as expressly provided for in the LICENSE AGREEMENT, your transfer possession of any copy, modification or merged portion of the program to any other party, your license is automatically terminated.

As required by United States export regulations, you shall not permit export of the program or any direct product thereof to any country to which export is then controlled by the United States Office of Export Administration, unless you have first obtained prior written approval and the prior written approval of INTELLISOFT (International).

BOOKMARK™ is a trademark of INTELLISOFT (International). Copyright © 1988 by INTELLISOFT (International). All Rights Reserved. Patent Pending.
IBM PC/XT/AT are registered trademarks of International Business Machines Corporation.
AST is a registered trademark of AST Research, Inc. Hercules is a trademark of Hercules Computer Technology.

Made in U.S.A.

Exhibit B

# INTELLISOFT INTERNATIONAL
## LIMITED WARRANTY AND LICENSE AGREEMENT

BOOKMARK™ software is offered under the terms and conditions of the INTELLISOFT International Limited Warranty and License Agreement. Our Limited Warranty states that programs are provided "as is" without warranty of any kind, either expressed or implied. The programs, however, are warranted to be free from defects in materials and workmanship for a period of 90 days from the date of delivery.

In the event that program diskettes ordered from INTELLISOFT International are deemed defective as described above, you should send the diskette(s) and a copy of your receipt for replacement with an explanation of your problem to:

INTELLISOFT International
70 Digital Drive • P.O. Box 5055 • Novato, CA 94948

**Please be sure your package is prepaid as we cannot accept C.O.D.'s.**

## INTELLISOFT INTERNATIONAL LIMITED WARRANTY

THE PROGRAMS ARE PROVIDED "AS IS" WITHOUT WARRANTY OF ANY KIND, EITHER EXPRESSED OR IMPLIED, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. THE ENTIRE RISK AS TO THE QUALITY AND PERFORMANCE OF THE PROGRAM IS WITH YOU. SHOULD THE PROGRAM PROVE DEFECTIVE, YOU ASSUME THE ENTIRE COST OF ALL NECESSARY SERVICING, REPAIR OR CORRECTION.

SOME STATES DO NOT ALLOW THE EXCLUSION OF IMPLIED WARRANTIES, SO THE ABOVE EXCLUSION MAY NOT APPLY TO YOU. THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS AND YOU MAY ALSO HAVE OTHER RIGHTS WHICH VARY FROM STATE TO STATE.

We do warrant that the function contained in this program will meet your requirements or that the operation of the program will be uninterrupted or error free.

However, we do warrant the diskette(s) on which the program is furnished to be free from defects in materials and workmanship under normal use for a period of ninety (90) days from the date of delivery to you as evidenced by a copy of your receipt.

## LIMITATIONS OF REMEDIES

Our entire liability and your exclusive remedy shall be:

1. the replacement of any diskette(s) not meeting our "Limited Warranty" and which is returned to us with a copy of your receipt, or

2. if we are unable to deliver a replacement diskette(s) which is free of defects in materials or workmanship, you may terminate this Agreement by returning the program and your money will be refunded.

IN NO EVENT WILL INTELLISOFT INTERNATIONAL BE LIABLE TO YOU FOR ANY DAMAGES, INCLUDING ANY LOST PROFITS, LOST SAVINGS OR OTHER INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING OUT OF THE USE OR INABILITY TO USE SUCH PROGRAM EVEN IF INTELLISOFT INTERNATIONAL HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, OR FOR ANY CLAIM BY ANY OTHER PARTY.

SOME STATES DO NOT ALLOW THE LIMITATION OR EXCLUSION OF LIABILITY FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES SO THE ABOVE LIMITATION OR EXCLUSION MAY NOT APPLY TO YOU.

YOU SHOULD CAREFULLY READ THE FOLLOWING TERMS AND CONDITIONS BEFORE OPENING THIS DISKETTE PACKAGE. OPENING THIS DISKETTE PACKAGE INDICATES YOUR ACCEPTANCE OF THESE TERMS AND CONDITIONS. IF YOU DO NOT AGREE WITH THEM, YOU SHOULD PROMPTLY RETURN THE PACKAGE UNOPENED AND YOUR MONEY WILL BE REFUNDED.

We at INTELLISOFT provide this program and license its use to you, the user, assume responsibility for the selection of the program to achieve your intended results, and for the installation, use and results obtained from the program.

## LICENSE:

You may:(a) use the program on a single machine;(b) copy the program into any machine-readable or printed form for backup or purposes in support of your use of the program on the single machine;(Certain programs, however, may include mechanisms to limit or inhibit copying. They are marked "copy protected");(c) merge the program into any other program material or transfer ownership, provided you keep a copy of this original for your use on the single machine;(d) modify the program and/or merge it into another program for your use on the single machine;(any portion of this program merged into another program will continue to be subject to the terms and conditions of this Agreement);and(e) transfer the program and license to another party if the other party agrees to accept the terms and conditions of this Agreement. If you transfer the program, you must at the same time either transfer all copies, whether in printed or machine-readable form, to the same party or destroy any copies not transferred; this includes all portions of this program contained or merged into other programs.

You may not reverse assemble or reverse compile the program without INTELLISOFT International's prior written consent.

You must reproduce and include the copyright notice on any copy or portion merged into another program.

YOU MAY NOT USE, COPY, MODIFY, FOREIGN LANGUAGE TRANSLATE, OR ELECTRONICALLY TRANSFER THE PROGRAM, OR ANY COPY, MODIFICATION OR MERGED PORTION, IN WHOLE OR IN PART, EXCEPT AS EXPRESSLY PROVIDED FOR IN THIS LICENSE.

IF YOU TRANSFER POSSESSION OF ANY COPY, MODIFICATION OR MERGED PORTION OF THE PROGRAM TO ANOTHER PARTY, YOUR LICENSE IS AUTOMATICALLY TERMINATED.

As required by United States export regulations, you shall not permit export of the program or any direct product of it to any country to which exports is then prohibited by any United States office or Export Administration, unless you have the prior written consent or prior written approval from the United States.

## TERM:

This license is effective until terminated. You may terminate it at any time by destroying the program together with all copies and merged portions in any form. It will also terminate upon conditions set forth elsewhere in this Agreement or if you fail to comply with any term or condition of this Agreement. You agree upon such termination to destroy the program together with all copies and merged portions in any form.

## GENERAL:

You may not sublicense, assign or transfer the license or the program except as expressly provided in this Agreement. Any attempt otherwise to sublicense, assign or transfer any of the rights, duties or obligations hereunder is void.

This license will be governed by the laws of the State of California, U.S.A.

This license is granted subject to the program package, which states that the programs are provided "as is" without warranties of any kind, expressed or implied, including but not limited to the implied warranties of merchantability or fitness for a particular purpose. In no event will INTELLISOFT International be liable to you for damages, including any lost profits or other incidental or consequential damages arising out of the use or inability to use such program even if INTELLISOFT International has been advised of the possibility of such damages, or for any claim by any other party.

YOU ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT, UNDERSTAND IT AND AGREE TO BE BOUND BY ITS TERMS AND CONDITIONS. YOU FURTHER AGREE THAT IT IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US WHICH SUPERSEDES ANY PROPOSAL OR PRIOR AGREEMENT, ORAL OR WRITTEN, AND ANY OTHER COMMUNICATION BETWEEN US RELATING TO THE SUBJECT MATTER OF THIS AGREEMENT.

BOOKMARK is a trademark of INTELLISOFT International. Copyright © 1985 by INTELLISOFT International. All Rights Reserved. IBM and PC DOS are registered trademarks of International Business Machines Corporation. AST is a registered trademark of AST Research, Inc. Hercules is a trademark of Hercules Computer Technology.

**ORIGINAL**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Alfredo Torrijos, SBN 222458
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA
TELEPHONE NO.: 213 217-5000   FAX NO. *(Optional):* 213 217-5010
E-MAIL ADDRESS *(Optional):* at@kbklawyers.com
ATTORNEY FOR *(Name):* Plaintiff

FOR COURT USE ONLY

**FILED**

AUG 2 4 2010

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fragnora, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin
STREET ADDRESS: 3501 Civic Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael 94903
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: Bruce Bierman

DEFENDANT/RESPONDENT: International Business Machines Corporation, et al.

CASE NUMBER:
CIV1004029

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      International Business Machines Corp.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Margaret Wilson, CT Corp. Systems

4. Address where the party was served:
   818 West Seventh Street, Los Angeles, CA 90017

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 08/18/2010   (2) at *(time):* 11:50 a.m.
   b. ☐ by substituted service. On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Bruce Bierman | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: International Business Machines Corporation, et al. | CIV1004029 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)       ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)        ☐ 415.46 (occupant)
                           ☐ other:

7. **Person who served papers**
  a. Name: Sergio Aranda
  b. Address: 644 South Figueroa Street, Los Angeles, CA 90017
  c. Telephone number: 213 217-5000
  d. The fee for service was: $ 0.00
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: August 19, 2010

Sergio Aranda
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)               (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

 CT Corporation

**Service of Process Transmittal**
08/18/2010
CT Log Number 517134765

**TO:**  Alec S Berman, Attorney
IBM Corporation
1133 Westchester Avenue, MD-140
White Plains, NY 10604

**RE:**  **Process Served in California**

**FOR:**  International Business Machines Corporation (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bruce Bierman, Pltf. vs. International Business Machines Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice of Case Management Conference, Summons, Cover Sheet, Complaint, Demand for Jury Trial, Exhibit(s), Notice, Stipulation Form, Ex Parte Application Form, Statement Form(s), Notice Form(s), Proof of Service Form(s), Information Form |
| **COURT/AGENCY:** | Marin County, Superior Court, CA |
| | Case # CIV1004029 |
| **NATURE OF ACTION:** | Breach of Contract - Defendant breached Non-Disclosure Agreement by disclosing and using Plaintiffs trade secrets and confidential information |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/18/2010 at 11:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // 12/23/210 at 8:30/9:00 a.m. - Case Management Conference // (see document for additional deadlines) |
| **ATTORNEY(S) / SENDER(S):** | Alfredo Torrijos |
| | Kabateck Brown Kellner LLP |
| | 644 South Figueroa Street |
| | Los Angeles, CA 90017 |
| | 213-217-5000 |
| **REMARKS:** | Please note that page 2 of cover sheet was not received with documents at time of service. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/18/2010, Expected Purge Date: 08/23/2010 |
| | Telephone, Alec S Berman , 914-642-5847 |
| | Image SOP |
| | Email Notification, Alec S Berman ASBERMAN@US.IBM.COM |
| | Email Notification, Shela Smith jfsmith@us.ibm.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street |
| | Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

8/18/2011
11:50am

**FILED**

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

**JUL 3 0 2010**

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: K. Main, Deputy

| PLAINTIFF: Bruce Bierman | CASE NO. CIV 10 0 4029 |
|---|---|
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: International Business Machines Corporation | |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge _Ritchie_, Department _E_. This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1.  IT IS ORDERED that the parties/counsel to this action shall:

    a.  Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

    Hearing on Failure to File Proof of Service _10 , 13 , 10_   8:30 / 9:00 A.M.

    Hearing on Failure to Answer _11 , 12 , 10_   8:30 / 9:00 A.M.

    b.  Appear for a Case Management Conference on _12 , 23 , 10_   8:30 / 9:00 A.M.

2.  Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3.  You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4.  Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC (CRC 3.725). **(A $49.00 sanction will be charged for late filing of a statement.)**

    **Case Management Statement must be filed by** _12 , 8 , 10_

5.  All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings are available online by 2:00 p.m. on the weekday preceding the hearing date at *http://www.marincourt.org/civil_tentative.htm*. If you need to make other arrangements, please call (415) 444-7170.

CV008 | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** | Rev. 2/10

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INTERNATIONAL BUSINESS MACHINES CORPORATION; and
Does 1 through 100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRUCE BIERMAN



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED

JUL 3 0 2010

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: K. Main, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Marin County Superior Court

3501 Civic Center Dr.
San Rafael, CA 94902

CASE NUMBER:
*(Número del Caso):* CIV 1004029

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Alfredo Torrijos, 644 South Figueroa Street, LA, CA 90017 Tel. (213) 217-5000

DATE: JUL 3 0 2010 KIM TURNER Clerk, by K. MAIN , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

SEAL

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Alfedo Torrijos, SBN 222458
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90017

TELEPHONE NO.: 213 217-5000    FAX NO.: 213 217-5010

ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Marin County
STREET ADDRESS: 3501 Civic Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Hall of Justice

**RECEIVED**
**JUL 3 0 2010**
MARIN COUNTY
SUPERIOR COURT

CASE NAME:
Bierman vs. International Business Machines Corp., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV 1004029 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☑ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 29, 2010

Alfredo Torrijos
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

1  Brian S. Kabateck, SBN 152054
     (bsk@kbklawyers.com)
2  Richard L. Kellner, SBN 171416
     (rlk@kbklawyers.com)
3  Alfredo Torrijos, SBN 222458
     (at@kbklawyers.com)
4  Karen Liao, SBN 256072
     (kliao@kbklawyers.com)
5  Michael Storti, SBN 260215
     (ms@kbklawyers.com)
6  **KABATECK BROWN KELLNER LLP**
   644 S. Figueroa Street
7  Los Angeles, California 90017
   Telephone: (213) 217-5000
8  Fax: (213) 217-5010

9  Attorneys for Plaintiff
10 Bruce Bierman

11

12             **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

13                          **COUNTY OF MARIN**

14  BRUCE BIERMAN,                     Case No. CIV 1004029

15            Plaintiff,               **CIVIL COMPLAINT**

16       v.                           **JURY TRIAL DEMANDED**

17  INTERNATIONAL BUSINESS
18  MACHINES CORPORATION; and
19  DOES 1 through 100, inclusive;

20            Defendants.

21

22

23       Plaintiff Bruce Bierman ("Plaintiff") by his attorneys, makes the following

24  allegations based upon information and belief, except as to those allegations

25  specifically pertaining to Plaintiff and his counsel, which are based on personal

26  knowledge.  Plaintiff brings this action for damages and injunctive relief against

27  Defendants, demanding a trial by jury.

28

                              **CIVIL COMPLAINT**

FILED

JUL 3 0 2010

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: K. Main, Deputy

# NATURE OF THE ACTION

1.      Through extensive research and development, and the expenditure of a considerable amount of time, effort and a substantial amount of money, Plaintiff invented and developed a product and technology named "Bookmark."

2.      Bookmark is data protection software which, for the first time, provided worry-free computing by automatically, and/or manually, "taking a picture" of the computer system's state, suspending all open programs and unsaved work, and storing that "image" to the system's non-volatile storage medium for later resumption, either automatically or manually.  This new technology allowed users to auto-resume work in the event of power failure, hardware breakdowns or system shutdown.  This technology also allowed computer users to conveniently and instantly pick up where they left off by pressing the "resume" key command with a single keystroke.  Thus, like placing a bookmark in a book to save a reader's place, Bookmark did the same electronically for computers – an "electronic bookmark" allowing users to "mark" their place with respect to the entire system. Additionally, Bookmark had a built-in optional password protection feature, allowing users to keep their Bookmarked work private.

3.      Between 1985 and 1995, Plaintiff engaged in discussions and negotiations with Defendant International Business Machines Corporation ("IBM") for the licensing of Plaintiff's Bookmark products and/or Bookmark technology.

4.      Based upon IBM's false representation that it intended to license Plaintiff's Bookmark products and/or Bookmark technology and after IBM entered into a binding non-disclosure agreement, Plaintiff disclosed to IBM confidential information constituting trade secrets about his Bookmark technology.  Pursuant to the parties' non-disclosure agreement, IBM agreed, among other promises, to maintain the secrecy of Plaintiff's confidential information and to not use the confidential information for purposes other than those necessary to directly further

CIVIL COMPLAINT

1    IBM's evaluation specifically for the purpose of potentially licensing Plaintiff's

2    Bookmark products and/or Bookmark technology.

3        5.    Unbeknownst to Plaintiff, IBM's representations were false.  Plaintiff

4    has since learned that IBM had no intention of licensing Plaintiff's Bookmark

5    products or Bookmark technology and only engaged in discussions and

6    negotiations for the sole purpose of wrongfully obtaining Plaintiff's confidential

7    information and trade secrets.  Had Plaintiff known that IBM had no intention of

8    ever licensing Plaintiff's Bookmark products or Bookmark technology, Plaintiff

9    would never have agreed to provide IBM with his confidential information and

10   trade secrets.

11       6.    In or around June 2010, Plaintiff discovered for the first time that

12   IBM stole Plaintiff's Bookmark technology and wrongfully disclosed and used

13   Plaintiff's technology for its own financial gain, profit and business advantage.

14   Indeed, since June 2010 Plaintiff discovered – for the first time – that during the

15   same period that IBM's licensing negotiations with Plaintiff were taking place,

16   IBM applied for and obtained patents for data protection technology substantially

17   similar to Plaintiff's Bookmark technology.

18       7.    This action arises from IBM's wrongful disclosure and use of

19   Plaintiff's trade secrets.  Accordingly, Plaintiff brings this action asserting claims

20   for misappropriation of trade secrets in violation of *Civil Code* section 3426 et seq.,

21   breach of confidence, breach of an implied-in-fact contract, unjust enrichment,

22   intentional misrepresentation and breach of contract against IBM.

23

24                          **THE PARTIES**

25       8.    At all relevant times until 1992, Plaintiff Bruce Bierman was a

26   resident of the County of Marin, California.

27       9.    Plaintiff is informed and believes, and on that basis alleges, that

28   International Business Machines Corporation ("IBM") is a New York corporation

                          — 3 —
                    **CIVIL COMPLAINT**

1    with its principal place of business at 1 New Orchard Road, Armonk, New York

2    10504.  Plaintiff is informed and believes, and on that basis alleges, that IBM sells

3    and markets technology products and services in the State of California and in this

4    judicial district.

5                                    **GENERAL ALLEGATIONS**

6         10.   Plaintiff is currently ignorant of the true names and capacities,

7    whether individual, corporate, associate, or otherwise, of the Defendants sued

8    herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues

9    these defendants under fictitious names.  Plaintiff will amend this complaint to

10   allege the true names and capacities of said fictitiously named Defendants when

11   their true names and capacities have been ascertained.  Plaintiff is informed and

12   believes and thereon alleges that each of the fictitiously named Doe Defendants are

13   legally responsible in some manner for the events and occurrences alleged herein,

14   and for the damages suffered by Plaintiff.

15        11.   Plaintiff is informed and believes, and on that basis alleges, that all

16   Defendants, including the fictitious Doe Defendants, were at all relevant times

17   acting as actual agents, captive agents or brokers, conspirators, ostensible agents,

18   partners, brokers and/or joint venturers and employees of all other Defendants, and

19   that all acts alleged herein occurred within the course and scope of said agency,

20   employment, partnership, joint venture, conspiracy and/or enterprise, and with the

21   express and/or implied permission, knowledge, consent, authorization and

22   ratification of their co-defendants; however, this allegation is pleaded as an

23   "alternative" theory wherever not doing so would result in a contradiction with

24   other allegations.

25        12.   All allegations in this complaint are based on information and belief

26   and/or are likely to have evidentiary support after a reasonable opportunity for

27   further investigation or discovery.  Whenever allegations in this complaint are

28   contrary or inconsistent, such allegations shall be deemed alternative.

— 4 —

**CIVIL COMPLAINT**

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in the State of California. Venue is proper because the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

## FACTUAL BACKGROUND

14.     Plaintiff created developed the technology for computer software which he eventually named "Bookmark." Designed to prevent the loss of valuable data due to electrical power fluctuations, hardware breakdowns, or system shutdown, Bookmark automatically or manually "took a picture" and stored an image of a computer system's RAM (Random Access Memory containing open programs and unsaved work) and the system's state, to the computer's non-volatile storage medium or hard disk. Bookmark allowed the user to automatically resume previous work, or resume with a single keystroke after system power up, among other methods. Additionally, Bookmark offered a built-in password protection function to prevent unauthorized viewing of Bookmarked work by others, among other features.

15.     In or around June 1986, Plaintiff founded, formed and solely owned software publishing and marketing companies from 1986 to 1996 bearing the names Intellisoft International, Inc., Solidsoft, Inc., Silverware, Inc., Intellisoft, Ltd. and Intellisoft GmbH (collectively "Intellisoft") to sell and/or license the Bookmark products and Bookmark technology. Plaintiff and Intellisoft were located in the City of Novato, California until 1992 when they relocated to Woodland Hills, California.

— 5 —

1        16.  .  In or around June 1986 – before Bookmark was publicly available –

2   Plaintiff contacted IBM with an offer to license the Bookmark products or

3   Bookmark technology to IBM for it to sell as an integrated component in its

4   computer systems.  When Plaintiff initially approached IBM with this offer, he

5   provided IBM with a general description of Bookmark, a sample licensing

6   agreement and pricing sheet.  After receiving these materials, IBM indicated that it

7   was interested in potentially licensing Plaintiff's Bookmark products or Bookmark

8   technology and requested that Plaintiff provide it with a copy of the Bookmark

9   software for evaluation.  Plaintiff agreed to provide IBM with an evaluation copy

10   of the Bookmark software but only if IBM first agreed to enter into and by bound

11   by a confidentiality and non-disclosure agreement ("NDA").

12        17.   IBM agreed to be bound by an NDA and did in fact negotiate and

13   enter into an NDA.  Pursuant to that NDA IBM agreed, *in haec verba*:

14

15       •   "that information disclosed by Intellisoft International
       having offices in Novato, CA. ("Intellisoft"), including

16          information acquired by Receiving Party from Intellisoft
       employees or inspection of Intellisoft's property, relating to

17          Intellisoft's products, designs, business plans, finances,
       research, development, know-how, confidential information

18          disclosed to Intellisoft by third parties and information

19          particularly with regard to the: memory image transfer

20          technology incorporated in pc and macintosh runtime
       software and source code, including but not limited to the

21          software products distributed under the trademark

22          Bookmark, and marketing contacts shall be considered
       Confidential Information";

23

24       •   "to maintain the confidence of the Confidential Information
       and to prevent its unauthorized dissemination"; and

25

26       •   "not to use the Confidential Information for purposes other
       than those necessary to directly further the: evaluation with

27          regards to potential licensing and development of the

28

— 6 —

**CIVIL COMPLAINT**

disclosed technology for use with computers, power supply products, backup power supply products, plug in UPS systems and low battery detection systems."

18.     In the NDA, IBM also acknowledged, *in haec verba*, "that unauthorized disclosure or use of Confidential Information could cause irreparable harm and significant injury which may be difficult to ascertain."

19.     After IBM entered into the NDA, Plaintiff sent IBM a specially compiled, non-public and confidential "evaluation version" of the Bookmark software.  The media containing the evaluation version of the Bookmark software that Plaintiff sent IBM was shrink-wrapped with a printed copy of the "Notice of Limited Warranty and Licensing Agreement" visible through the shrink-wrap.  A true and correct copy of the "Notice of Limited Warranty and Licensing Agreement" is attached hereto as Exhibit A.

20.     Affixed to the shrink-wrap was a silver metallic sticker that stated in bold text, *in haec verba*:



For Evaluation Purposes Only
Not for Resale

21.     The "Notice of Limited Warranty and Licensing Agreement" that was visible through the shrink-wrap provided in relevant part:

IMPORTANT! YOU SHOULD CAREFULLY READ THE TERMS AND CONDITIONS BELOW, AND THE TERMS AND CONDITIONS OF THE INTELLISOFT INTERNATIONAL LIMITED WARRANTY AND LICENSE AGREEMENT BEFORE OPENING THIS PACKAGE.  OPENING THIS PACKAGE INDICATES YOUR ACCEPTANCE OF ALL THE FOLLOWING TERMS AND CONDITIONS.  IF YOU DO NOT AGREE WITH THEM, YOU SHOULD PROMPTLY RETURN THE PACKAGE UNOPENED AND YOUR

MONEY WILL BE REFUNDED.

BOOKMARK™ software is offered under the terms and conditions of the enclosed INTELLISOFT INTERNATIONAL LIMITED WARRANT AND LICENSE AGREEMENT. A copy of this LIMITED WARRANTY AND LICENSE AGREEMENT may be obtained from your dealer or by writing INTELLISOFT INTERNATIONAL at the above address.

[...]

Our LICENSE AGREEMENT sets forth the terms and conditions under which you may use, copy and merge the program and transfer the program and license. You may use the program on a single machine, but may not use, copy, modify, transfer, foreign language translate, or electronically transfer the program, or any copy, modification or merged portion, in whole or in part, except as expressly provided for in the LICENSE AGREEMENT. If you transfer possession of any copy, modification or merged portion of the program to another party, your license is automatically terminated.

[Exhibit A.]

22. The "Notice of Limited Warranty and Licensing Agreement" also stated the following:

Bookmark™ is a trademark of INTELLISOFT International. Copyright © 1986 by INTELLISOFT International. All Rights Reserved. Patent Pending.

[Exhibit A.]

— 8 —

**CIVIL COMPLAINT**

23.    As part of the process of installing the evaluation version of the Bookmark software that Plaintiff sent IBM the following would be displayed on the screen of the computer, *in haec verba*:

---

BOOKMARK IS NOT COPY PROTECTED

This copy of BOOKMARK software may be used only on a single authorized computer in accordance with the terms and conditions of the INTELLISOFT International Limited Warranty and License Agreement. Our "install/de-install" is not related to copy protection. (NOTE: USA and Canada only.)

Copyright (c) 1986
All Rights Reserved.  Patent Pending.

---

24.    In addition to the "Notice of Limited Warranty and Licensing Agreement," the media containing the evaluation version of the Bookmark software that Plaintiff sent IBM was also shrink-wrapped with a printed copy of the "Intellisoft Limited Warranty, Disclaimers and License Agreement."  A true and correct copy of the "Intellisoft Limited Warranty, Disclaimers and License Agreement" is attached hereto as Exhibit B.

25.    The "Intellisoft Limited Warranty, Disclaimers and License Agreement" that was included with evaluation version of the Bookmark software that Plaintiff sent IBM provided in relevant part:

You may not reverse assemble or reverse compile the program without INTELLISOFT's prior written consent. You must reproduce and include the copyright notice on any copy or portion merged into another program.

YOU MAY NOT USE, COPY, MODIFY, FOREIGN LANGUAGE TRANSLATE OR ELECTRONICALLY

1    TRANSFER THE PROGRAM, OR ANY COPY,
     MODIFICATION OR MERGED PORTION, IN
2    WHOLE OR IN PART, EXCEPT AS EXPRESSLY
     PROVIDED FOR IN THIS LICENSE.
3

4    [Exhibit B.]

5         26.    The "Intellisoft Limited Warranty, Disclaimers and License

6    Agreement" also provided in relevant part:

7
                 You may not sublicense, assign or transfer the license or
8                the program except as expressly provided in this
                 Agreement. Any attempt otherwise to sublicense, assign
9                or transfer any of the rights, duties or obligations
10               hereunder is void.

11   [Exhibit B.]

12        27.    From the summer of 1986 through 1995, IBM consistently

13   represented to Plaintiff that it was interested in licensing Plaintiff's Bookmark

14   products and/or Bookmark technology. During this evaluation process, IBM

15   requested and obtained confidential information from Plaintiff, including: (i) the

16   methods and processes employed by the Bookmark products; (ii) techniques for

17   dealing with specific compatibility issues between the Bookmark products and

18   other software (including third-party programs, the operating system and device

19   drivers); and (iii) Plaintiff's marketing plans and customer lists.

20        28.    Despite this extensive "evaluation process," IBM never licensed

21   Plaintiff's Bookmark products and/or Bookmark technology.

22        29.    Throughout the entire "evaluation process," IBM concealed from

23   Plaintiff that: (i) IBM was developing software that would replicate the function

24   and features of Bookmark; (ii) IBM was applying for patents based on Plaintiff's

25   Bookmark technology; or (iii) IBM was incorporating Plaintiff's Bookmark

26   products and/or Bookmark technology in its products without licensing the

27   technology from Plaintiff.

28

— 10 —
**CIVIL COMPLAINT**

1    30.   In March 2010, Plaintiff was contacted by attorneys who stated that

2  they represented Wistron Corporation ("Wistron").  The attorneys explained that

3  Toshiba Corporation had filed a complaint with the U.S. International Trade

4  Commission asserting that Wistron was infringing on its patents.  According to

5  these attorneys, they had learned through investigation and discovery that one or

6  more of the patents that Toshiba Corporation sought to enforce involved

7  technology that might have been developed by Plaintiff.  Prior to being contacted

8  by Wistron's attorneys, Plaintiff did not know and never had any reason to suspect

9  that Toshiba Corporation – or anyone else, for that matter – had breached a non-

10  disclosure agreement and had misappropriated his confidential Bookmark

11  technology.  Plaintiff thereafter began conducting an investigation concerning the

12  patents that Toshiba Corporation had obtained.  In the course of that investigation,

13  Plaintiff discovered that IBM had also applied for and obtained one or more

14  patents based on Plaintiff's Bookmark technology.  Further investigation revealed

15  that the IBM employee listed as an "inventor" on these patents was the same

16  individual that was Plaintiff's "contact" at IBM when the company was

17  "evaluating" Plaintiff's Bookmark products and Bookmark technology.  Therefore,

18  it was not until about June 2010 that Plaintiff had any knowledge of IBM's

19  wrongful acts.

20    31.   Since June 2010, Plaintiff has learned that IBM misrepresented that it

21  was interested in licensing Plaintiff's Bookmark products and/or Bookmark

22  technology and concealed that it was developing software that would replicate the

23  function and features of Bookmark, applying for patents based on Plaintiff's

24  Bookmark technology and incorporating Plaintiff's Bookmark products and/or

25  Bookmark technology in its products without licensing the technology from

26  Plaintiff.  As a result of its misrepresentations and concealments, IBM was able to

27  successfully misappropriate the confidential information that it wrongfully

28  obtained from Plaintiff by: (i) incorporating the technology in its products without

— 11 —
**CIVIL COMPLAINT**

1  paying Plaintiff for its use; (ii) misrepresenting that it developed the technology;

2  (iii) secretly applying for and obtaining patents here in the United States for the

3  Bookmark technology; and (iv) offering to license and licensing Plaintiff's

4  Bookmark products and/or Bookmark technology to others.

5          32.    IBM was able to obtain Plaintiff's confidential information solely

6  because IBM falsely represented that it would license and pay for Plaintiff's

7  technology if it used Plaintiff's technology.  In fact, IBM had no intention of

8  licensing or paying for Plaintiff's technology and instead made these

9  misrepresentations for the sole purpose of wrongfully obtaining and

10  misappropriating Plaintiff's confidential information.

11

12                        **FIRST CAUSE OF ACTION**

13                      **Misappropriation of Trade Secrets**

14                   **(California Civil Code § 3426, et seq.)**

15          33.    Plaintiff re-alleges and incorporates by reference the allegations

16  contained in the preceding paragraphs of this complaint, as though fully set forth

17  herein.

18          34.    Plaintiff, through long and extensive research and development, and

19  the expenditure of a considerable amount of time, effort and money, developed

20  commercially valuable trade secrets and an extensive amount of confidential,

21  proprietary, technical and business information concerning the research,

22  development, formulation, production and marketing of technology behind

23  Bookmark.  Said information constitutes valuable commercial assets and a

24  competitive advantage to Plaintiff.  Plaintiff has kept said information secret with

25  restrictions on its use and disclosure by all those to whom said information has

26  been known.

27          35.    The aforementioned trade secrets and confidential information were

28  disclosed and entrusted to IBM.  This information was only provided to IBM: (i)

— 12 —

**CIVIL COMPLAINT**

1   after IBM represented that it would license and pay for the confidential

2   information if it used Plaintiff's technology in its products; and (ii) after IBM

3   agreed to and entered into a binding non-disclosure agreement which precluded the

4   use and disclosure of the information.  IBM knew that said information was

5   confidential and that it was considered to comprise trade secrets of Plaintiff.  IBM

6   also knew – and agreed – that said information was not to be revealed or used, that

7   it was a valuable commercial asset of Plaintiff and that Plaintiff had expended

8   much time, effort and money in developing the aforementioned confidential and

9   trade secret information.

10       36.    IBM breached its duty to maintain secrecy and limit its use by

11   disclosing and using Plaintiff's trade secrets and confidential information in

12   violation of *Civil Code* section 3426, et seq.

13       37.    As a direct and proximate result of IBM's misappropriation of

14   Plaintiff's trade secrets, Plaintiff has suffered actual losses within the meaning of

15   Section 3426.3(a) of California's Civil Code.  As a further proximate result of the

16   misappropriation, IBM has been unjustly enriched through the wrongful use of

17   Plaintiff's trade secrets.

18       38.    IBM knowingly, willfully and deliberately misappropriated Plaintiff's

19   trade secrets and confidential information with full knowledge of their secret,

20   confidential nature and their commercial value.  IBM's wrongful use and unlawful

21   exploitation of Plaintiff's trade secrets and confidential information constitutes

22   willful and malicious misappropriation.  Plaintiff, therefore, is entitled to punitive

23   damages pursuant to *Civil Code* § 3246.3(c).

24       39.    Plaintiff is entitled to an award of reasonable attorneys' fees pursuant

25   to *Civil Code* § 3426.4.

26       40.    The misappropriation of Plaintiff's trade secrets and confidential

27   information by IBM is greatly and irreparably damaging to Plaintiff.  IBM will

28

1   continue to damage Plaintiff unless enjoined by this court pursuant to *Civil Code*

2   section 3426.2.

3

4                    **SECOND CAUSE OF ACTION**

5                      **Breach of Confidence**

6         41.    Plaintiff re-alleges and incorporates by reference the allegations

7   contained in the preceding paragraphs of this complaint, as though fully set forth

8   herein.

9         42.    Plaintiff disclosed and entrusted to IBM information regarding

10  Bookmark in confidence.   At the time that it received said information, IBM knew

11  that the information was confidential.  IBM knew that the information was not to

12  be revealed or used, that it was a valuable commercial asset of Plaintiff.  IBM also

13  knew that Plaintiff had expended much time, effort and money in developing the

14  aforementioned confidential information.

15        43.    Upon information and belief, IBM breached its duty to maintain

16  confidentiality by using and continuing to use Plaintiff's aforementioned

17  confidential information without Plaintiff's consent.

18        44.    As a direct, proximate and legal result of IBM's breach of confidence,

19  Plaintiff has suffered damages in an amount to be proved at trial.

20

21                    **THIRD CAUSE OF ACTION**

22                 **Breach of Implied-in-Fact Contract**

23        45.    Plaintiff re-alleges and incorporates by reference the allegations

24  contained in the preceding paragraphs of this complaint, as though fully set forth

25  herein.

26        46.    Plaintiff disclosed technology for Bookmark that he created to IBM

27  for potential licensing.  Through negotiations, Plaintiff submitted his work to IBM

28  with the understanding and expectation – fully and clearly understood by IBM –

                           — 14 —

                      **CIVIL COMPLAINT**

1  that Plaintiff would be reasonably compensated for its use by IBM.  IBM had the

2  opportunity to reject disclosure of Plaintiff's idea if Plaintiff's conditions were

3  unacceptable.  Instead, by using Plaintiff's technology in its own computer

4  products, IBM voluntarily accepted the disclosure knowing the conditions upon

5  which said information was tendered and the reasonable value of Plaintiff's work.

6  In doing so, IBM entered into an implied-in-fact contract, promising to compensate

7  Plaintiff for the use of Plaintiff's technology.

8       47.   By using Plaintiff's technology in its own computer products and not

9  compensating Plaintiff for the use of his work, IBM breached the terms of the

10 parties' implied-in-fact contract.

11      48.   As a direct, proximate and legal result of IBM's breach, Plaintiff has

12 been and continues to be, damaged.

13

14                    **FOURTH CAUSE OF ACTION**

15                    **Intentional Misrepresentation**

16      49.   Plaintiff re-alleges and incorporates by reference the allegations

17 contained in the preceding paragraphs of this complaint, as though fully set forth

18 herein.

19      50.   IBM made representations to Plaintiff that it intended to enter into a

20 licensing agreement with Plaintiff for the Bookmark products and/or Bookmark

21 technology when in fact it had no intention of doing so.

22      51.   IBM knew that the representation that it intended to enter into a

23 licensing agreement with Plaintiff were false when it made them and IBM made

24 them intentionally.  IBM also knew that said representations were material.

25      52.   IBM intended that Plaintiff rely on its representations and thereby

26 induced Plaintiff to disclose its trade secrets and confidential information.

27

28

**CIVIL COMPLAINT**

53.    Plaintiff reasonably relied on IBM's representation that it intended to enter into a licensing agreement with Plaintiff.  Plaintiff would not have revealed his trade secrets and confidential information to IBM had he known the truth.

54.    Plaintiff was harmed when his trade secrets and confidential information were disclosed and wrongfully used without his consent.  Plaintiff's reliance on IBM's misrepresentations was a substantial factor in causing the harm.

55.    IBM was motivated by its financial interest in lulling Plaintiff to disclose confidential information and trade secrets, such as to constitute oppression, fraud or malice under California *Civil Code* section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of IBM.

## FIFTH CAUSE OF ACTION

### Breach of Contract – Non-Disclosure Agreement

56.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

57.    IBM entered into a NDA with Intellisoft.

58.    Plaintiff was and is an intended third-party beneficiary of the NDA.

59.    Intellisoft and Plaintiff have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms of the NDA.

60.    Plaintiff is informed and believes and on that basis alleges that IBM breached the NDA by disclosing and using Plaintiff's trade secrets and confidential information.

61.    As a result of IBM's breach of the NDA, IBM has caused damage to Plaintiff in an amount to be proven at trial.

— 16 —

**CIVIL COMPLAINT**

## SIXTH CAUSE OF ACTION

### Breach of Contract – Licensing Agreement

62.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

63.    IBM agreed to be bound by the Licensing Agreement.

64.    Plaintiff was and is an intended third-party beneficiary of the Licensing Agreement.

65.    Intellisoft and Plaintiff have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the Licensing Agreement.

66.    IBM has breached the Licensing Agreement by, among other things, decompiling the evaluation version of the Bookmark products, reverse engineering the evaluation version of the Bookmark products, incorporating portions of the Bookmark product into its systems, reselling the Bookmark products, failing to place Plaintiff's copyright notice on the systems that it sold with the Bookmark products and/or Bookmark technology, and filing patents based on Plaintiff's Bookmark technology.

67.    As a result of IBM's breach of the Licensing Agreement, IBM has caused damage to Plaintiff in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### Unjust Enrichment/Restitution

68.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

69.    IBM unjustly received benefits at the expense of Plaintiff through IBM's wrongful conduct, including, but not limited to, IBM's misappropriation of

— 17 —

**CIVIL COMPLAINT**

1  Plaintiff's Bookmark products and Bookmark technology, breach of the NDA and

2  breach of the Licensing Agreement.

3      70.   It would be unjust for IBM to retain any value it obtained as a result

4  of its wrongful conduct.

5      71.   Plaintiff is entitled to the establishment of a constructive trust

6  consisting of the benefit conferred upon IBM by the revenues derived from its

7  wrongful conduct at the expense of Plaintiff, and all profits derived from that

8  wrongful conduct.

9      72.   Plaintiff is further entitled to full restitution of all amounts in which

10 IBM has been unjustly enriched at Plaintiff's expense.

11

12              **EIGHTH CAUSE OF ACTION**

13                  **An Accounting**

14      73.   Plaintiff re-alleges and incorporates by reference the allegations

15 contained in the preceding paragraphs of this Complaint, as though fully set forth

16 herein.

17      74.   IBM has obtained business through the use of unlawful conduct

18 including, but not limited to, IBM's misappropriation of Plaintiff's Bookmark

19 products and Bookmark technology, breach of the NDA and breach of the

20 Licensing Agreement.

21      75.   IBM has received money as a result of its misconduct, at the expense

22 of Plaintiff and some or all of such money is rightfully due to Plaintiff.

23      76.   The amount of money due from IBM to Plaintiff cannot be

24 ascertained without an accounting of the income and gross profits that IBM has

25 obtained through its wrongful and unlawful conduct.

26      77.   Plaintiff is entitled, therefore, to a full accounting.

27

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following:

1.     For a preliminary and permanent injunction restraining Defendant IBM, as well as its officers, agents, servants, employees and attorneys, and those in active concert or participation with any of them, from further use of Plaintiff's trade secrets and confidential information;

2.     For an accounting;

3.     For an Order finding a constructive trust for Plaintiff's benefit, consisting of all revenues received by Defendants from their wrongful conduct which should rightfully have been received by Plaintiff and all profits derived from that wrongful conduct, and directing Defendants to pay all such sums to Plaintiff;

4.     For restitution and disgorgement of all ill-gotten gains unjustly obtained and retained by Defendants through the acts complained of herein;

5.     For damages to be proven at trial;

6.     For punitive damages in an amount to be determined at trial;

7.     For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

8.     For an Order awarding Plaintiff his attorneys' fees and costs;

9.     For an Order awarding Plaintiff all such other and further relief that the Court may deem just and proper.

DATED: July 29, 2010          **KABATECK BROWN KELLNER LLP**

By: _____
    Brian S. Kabateck
    Richard L. Kellner
    Alfredo Torrijos
    Karen Liao
    Michael Storti

*Attorneys for Plaintiff Bruce Bierman*

— 19 —

**CIVIL COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all claims and causes of action in this lawsuit.

DATED: July 29, 2010            **KABATECK BROWN KELLNER LLP**

By: _____
   Brian S. Kabateck
   Richard L. Kellner
   Alfredo Torrijos
   Karen Liao
   Michael Storti

*Attorneys for Plaintiff Bruce Bierman*

— 20 —

**CIVIL COMPLAINT**

**EXHIBIT A**



## DATA PROTECTION SOFTWARE

**AUTOMATED SAVE, EXIT AND RESUME**
- If you decide to call it a day or your system powers down and you re-start BOOKMARK will bring you back to the point of the last BOOKMARK placement. It's like having a BOOKMARK in your computer.
- Actually works faster than reloading program and reloading file the old way . . . the BOOKMARK way puts you there faster!

**EASY TO USE**
- You decide how often work is saved, by number of keystrokes and/or number of minutes.

**ELIMINATES NEED FOR BACKUP BATTERY**
- Costly back-up battery systems are no longer needed when work in progress is already saved to the point of the previous BOOKMARK placement.

**FULLY AUTOMATIC**
- Eliminates the need for user control . . . you can even run a program overnight, and if the power fails, BOOKMARK's Auto-Resume function allows your computer to resume operation without intervention.

**HARD DISK FULL PROTECTION**
- "Disk Full" message and loss of work in progress because BOOKMARK already has hard disk space set aside.

**PREVENTS DATA LOSS DUE TO POWER FAILURE**
- BOOKMARK runs with most software and saves as you go to prevent accidental data loss.
- Work in progress can be resumed within seconds after system crash, frozen keyboard, power failure or accidental power down.

**TRANSPARENT OPERATION**
- BOOKMARK operates without interfering with most programs.

BOOKMARK is a memory-resident utility that automatically and periodically takes a snapshot of system and video RAM then saves it to a reserved and hidden area of the hard disk subsystem. Work in progress can be resumed within four to eight seconds after reboot. Resumption speed is dependent upon your processor and hard disk speed.

### REQUIREMENTS
IBM PC/XT/AT OR 100% IBM COMPATIBLE, 256K TO 640K RAM, IBM DOS 2.1 OR HIGHER
1 FLOPPY DISK DRIVE, HARD DISK (10 MEGABYTES MINIMUM)
VIDEO DISPLAY ADAPTER, IBM MONOCHROME, COLOR GRAPHICS, ENHANCED
COLOR GRAPHICS, ALL HERCULES
BOOKMARK OCCUPIES AN EQUIVALENT AMOUNT OF SPACE
ON YOUR HARD DISK AS IN SYSTEM RAM PLUS VIDEO RAM

## INTELLISOFT
### INTERNATIONAL

701 Digital Drive • P.O. Box 5055 • Novato, California 94948 • (415) 883-1188

NOTICE OF LIMITED WARRANTY AND LICENSE AGREEMENT

BOOKMARK is a trademark of INTELLISOFT International. Copyright © 1988 by INTELLISOFT International. All Rights Reserved. Patent Pending.

**EXHIBIT B**

# INTELLISOFT INTERNATIONAL
# LIMITED WARRANTY AND LICENSE AGREEMENT

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

<u>NOTICE TO PLAINTIFFS</u>

**CIVIL TRIAL DELAY REDUCTION PROGRAM**
**REQUIRES PROCEDURES AND TIME LINES TO BE MET**

PACKET FEE          $1.00

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

**You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.**

**Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY  *(Name, address and telephone #)*: | FOR COURT USE ONLY |
|---|---|
| STATE BAR NO:<br>ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN**<br>3501 Civic Center Drive<br>P.O.  Box 4988<br>San Rafael, CA  94913-4988 | |
| **STIPULATION TO USE OF<br>ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

_____
Dated

_____
Attorney For

_____

_____
Dated

_____
Attorney For

_____

**CM-020**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ☐ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER: |
|---|---|
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE: <br> DEPT.:          TIME: |

1. Applicant *(name)*:
   is
   a. ☐ plaintiff
   b. ☐ cross-complainant
   c. ☐ petitioner
   d. ☐ defendant
   e. ☐ cross-defendant
   f. ☐ respondent
   g. ☐ other *(describe)*:

2. The complaint or other initial pleading in this action was filed on *(date)*:

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☐ Complaint
   b. ☐ Cross-complaint
   c. ☐ Petition
   d. ☐ Answer or other responsive pleading
   e. ☐ Other *(describe)*:

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date)*:

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☐ None
   b. ☐ The following *(describe all, including the length of any previous extensions)*:

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each)*:

---

Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Page 1 of 2

Cal. Rules of Court,
rules 3.110, 3.1200–3.1207
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| | |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons):*

☐ Continued on Attachment 10.

11. Number of pages attached: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

_____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.

2. The pleading must be served and filed no later than *(date):*

3. ☐ The case management conference is rescheduled to:

   a. Date:

   b. Time:

   c. Place:

4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Page 2 of 2

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE      ☐ LIMITED CASE (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:              Dept.:            Div.:              Room:

Address of court (if different from the address above):

☐  Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐  This statement is submitted by party (name):
   b. ☐  This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. ☐  The complaint was filed on (date):
   b. ☐  The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
       (1) ☐  have not been served (specify names and explain why not):

       (2) ☐  have been served but have not appeared and have not been dismissed (specify names):

       (3) ☐  have had a default entered against them (specify names):

   c. ☐  The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in  ☐  complaint      ☐  cross-complaint      (Describe, including causes of action):

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**10. d.** The party or parties are willing to participate in *(check all that apply):*

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____     _____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY)

▶

_____     _____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CM-181**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | DEPT.: |
| **NOTICE OF TERMINATION OR MODIFICATION OF STAY** | JUDICIAL OFFICER: |

**To the court and all parties:**

1. A *Notice of Stay of Proceedings* was filed in this matter on *(date)*:

2. Declarant named below is

   a. ☐ the party   ☐ the attorney for the party  who requested or caused the stay.

   b. ☐ other *(describe)*:

3. ☐ The stay described in the above referenced *Notice of Stay of Proceedings*

   a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*

   b. ☐ is no longer in effect.

4. ☐ The stay has been modified *(describe)*:

5. The stay has been vacated, is no longer in effect, or has been modified

   a. ☐ with regard to all parties.

   b. ☐ with regard to the following parties *(specify by name and party designation)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

| _____ | _____ |
|---|---|
| (TYPE OR PRINT NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |

Page 1 of 2

**NOTICE OF TERMINATION OR MODIFICATION OF STAY**

Cal. Rules of Court, rule 3.650
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

CM-181

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the Notice of Termination or Modification of Stay if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Termination or Modification of Stay* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

   Street address:
   City:
   State and zip code:

   c. Name of person served:

   Street address:
   City:
   State and zip code:

   b. Name of person served:

   Street address:
   City:
   State and zip code:

   d. Name of person served:

   Street address:
   City:
   State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**CM-200**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br><br> TELEPHONE NO.:           FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

  PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **NOTICE OF SETTLEMENT OF ENTIRE CASE** | CASE NUMBER: |
| | JUDGE: |
| | DEPT.: |

---

### NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is **unconditional**. You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is **conditional**. Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

---

**To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:**

1. This entire case has been settled. The settlement is:
   a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
   Date of settlement:
   b. ☐ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date)*:

2. Date initial pleading filed:

3. Next scheduled hearing or conference:
   a. Purpose:
   b. ☐ (1) Date:
          (2) Time:
          (3) Department:

4. Trial date:
   a. ☐ No trial date set.
   b. ☐ (1) Date:
          (2) Time:
          (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

_____
(SIGNATURE)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [Rev. January 1, 2007]

**NOTICE OF SETTLEMENT OF ENTIRE CASE**

Cal. Rules of Court, rule 3.1385
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-200

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Settlement of Entire Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____     ▶     _____
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

**ADR-100**

| | |
|---|---|
| **MEDIATOR** *(Name and Address):* <br><br> TELEPHONE NO.:        FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:

| | |
|---|---|
| **STATEMENT OF AGREEMENT OR NONAGREEMENT** <br> ☐ **First**     ☐ **Supplemental** | CASE NUMBER: |

**NOTE: This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).**

1. This case was filed on *(date if known):*

2. I was selected as the mediator in this matter on *(date):*

3. Mediation *(check one):*
   a. ☐ did not take place.
      (1) ☐ A party who was ordered to appear at the mediation did not appear.
      (2) ☐ Other reason *(please specify without disclosing any confidential information):*


   b. ☐ took place on *(date or dates):*
      and lasted a total of _____ hours.

4. ☐ The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5. The mediation ended *(check one):*
   a. ☐ in full agreement by all parties on *(date):*
   b. ☐ in partial agreement
      (1) ☐ in full agreement as to the following parties:
         on *(date):*
      (2) ☐ in full agreement as to limited issues on *(date):*
   c. ☐ in nonagreement.

Date:

▶

_____      _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF MEDIATOR)

**NOTE: Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.**

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> ADR-100 [Rev. January 1, 2003] | **STATEMENT OF AGREEMENT OR NONAGREEMENT** | Code of Civil Procedure, §§ 1739, 1775.9 |

American LegalNet, Inc.
www.USCourtForms.com

| CASE NAME: | CASE NUMBER: |
|---|---|
| | |

## PROOF OF SERVICE
☐ Mail   ☐ Personal Service

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My residence or business address is *(specify):*

3. I mailed or personally delivered a copy of the *Statement of Agreement or Nonagreement* as follows *(complete either a or b):*
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope **and**
         (a) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ placed the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:

         (c) Date of mailing:
         (d) Place of mailing *(city and state):*

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

NAME OF COURT: _____

# ADR Information Form

> *This form should be filled out and returned,*
> *within 10 days of the resolution of the dispute, to:* ▶

1. Case name: _____ No. _____

2. Type of civil case: ☐ PI/PD-Auto ☐ PI/PD-Other ☐ Contract ☐ Other *(specify)*: _____

3. Date complaint filed _____ Date case resolved _____

4. Date of ADR conference _____ 5. Number of parties _____

6. Amount in controversy ☐ $0–$25,000 ☐ $25,000–$50,000 ☐ $50,000–$100,000 ☐ over $100,000 *(specify)*:_____

7. ☐ Plaintiff's Attorney ☐ Cross Complainant's Attorney   8. ☐ Defendant's Attorney ☐ Cross Defendant's Attorney

| | |
|---|---|
| NAME | NAME |
| ADDRESS | ADDRESS |
| ( ) | ( ) |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

☐ Plaintiff ☐ Plaintiff's attorney                    ☐ Defendant ☐ Defendant's attorney
☐ 3rd party defendant ☐ 3rd party defendant's attorney   ☐ Other *(specify)*: _____

10. Dispute resolution process:

☐ Mediation ☐ Arbitration ☐ Neutral case evaluation ☐ Other *(specify)*: _____

11. How was case resolved?
   a. ☐ As a direct result of the ADR process.
   b. ☐ As an indirect result of the ADR process.   c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

☐ $0 ☐ $250 ☐ $500 ☐ $750 ☐ $1,000 ☐ more than $1,000 *(specify)*: $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:

☐ $0 ☐ $250 ☐ $500 ☐ $750 ☐ $1,000 ☐ more than $1,000 *(specify)*: $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

☐ 0 ☐ 1 day ☐ more than 1 day *(specify)*: _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:

☐ 0 ☐ 1 day ☐ more than 1 day *(specify)*: _____

16. Would you be willing to consider using this dispute resolution process again? ☐ Yes ☐ No

---

Form Adapted by the
Judicial Council of California
ADR-101 [New March 1, 1994]

**ADR INFORMATION FORM**

American LegalNet, Inc.
www.USCourtForms.com

**CM-180**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.: |

**To the court and to all parties:**

1. Declarant *(name):*

   a. ☐ is ☐ the party ☐ the attorney for the party who requested or caused the stay.

   b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. ☐ With regard to all parties.

   b. ☐ With regard to the following parties *(specify by name and party designation):*

3. Reason for the stay:

   a. ☐ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## CERTIFICATE OF SERVICE

I, Kimberly W. Fitch, declare:

I am a citizen of the United States and employed in Santa Clara County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1117 S. California Avenue, Palo Alto, California  94304-1106.  On September 17, 2010, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

☒     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

☒     by placing the document(s) listed above in a sealed UPS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a UPS agent for delivery.

Brian S. Kabateck, Esq.
Richard L. Kellner, Esq.
Alfredo Torrijos, Esq.
Karen Liao, Esq.
Michael Storti, Esq.
KABATECK BROWN KELLNER LLP
644 S. Figueroa Street
Los Angeles, CA 90017
Telephone: 213-217-5000
Fax: 213-217-5010

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 17, 2010, at Palo Alto, California.

Kimberly W. Fitch

LEGAL_US_W # 65778701.1

CERTIFICATE OF SERVICE                CASE NO.



FOLD on this line and place in shipping pouch with **bar code and delivery address** visible

1. Fold the first printed page in half and use as the shipping label.
2. Place the label in a waybill pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
3. Keep the second page as a receipt for your records. The receipt contains information useful for tracking your package.