UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRUCE BIERMAN,

    Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Defendant.

_____/

No. C 10-4199 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IT IN PART**

Defendant's motion for an order dismissing the first amended complaint ("FAC") came on for hearing before this court on December 8, 2010. Plaintiff Bruce Bierman appeared by his counsel Richard Kellner and Alfredo Torrijos, and defendant International Business Machines Corporation appeared by its counsel Michael Hendershot and Thomas Vigdal. Having read the parties' papers and carefully considered their arguments and good cause appearing, the court hereby GRANTS the motion in part and DENIES it in part as follows for the reasons stated at the hearing.

    1.    The motion to dismiss on grounds of judicial estoppel, lack of prudential standing, and running of the statute of limitations is DENIED, as the court finds that the existence of factual disputes makes these issues inappropriate for resolution on a Rule 12(b)(6) motion. With regard to the issue of the running of the statute of limitations, the court also finds that the FAC adequately pleads invocation of the discovery rule.

    2.    The motion to dismiss the second cause of action for breach of confidence is DENIED. A plaintiff is entitled under federal pleading rules to plead inconsistent causes of action. Fed. R. Civ. P. 8(d)(3); see also Oki America, Inc. v. Microtech Empl. Practices Litig., 872 F.2d 312, 314 (9th Cir. 1989).

3. The motion to dismiss the fourth cause of action for intentional misrepresentation and fraudulent concealment is GRANTED with leave to amend to plead facts showing that this claim differs from a claim under the California Uniform Trade Secrets Act (so that it is not preempted by CUTSA), and in particular, that it differs from the first cause of action for misappropriation of trade secrets.

4. The motion to dismiss the eighth cause of action for an accounting is GRANTED with leave to amend to clarify that the basis for this claim is a cause of action for fraud.

5. The second amended complaint shall be filed no later than January 7, 2011.

6. Finally, the court finds that defendant has not met its burden of showing that the court has subject matter jurisdiction over this case. In the notice of removal, defendant asserted jurisdiction under 28 U.S.C. § 1332, and alleged that "[m]easured from any perspective, the allegations in the Complaint easily exceed the amount-in-controversy threshold." Defendant asserted further that plaintiff "alleges that IBM misappropriated his trade secrets, and makes numerous other claims arising out of the alleged misappropriation of trade secrets, and alleges that IBM profited from that action for an alleged quarter-century" and that plaintiff "seeks recovery of all revenues received from these actions during this quarter-century and also seeks an injunction to stop IBM from further using Plaintiff's alleged trade secrets."

In addition, defendant provided a declaration from one of its employees stating that "[p]rior to divesting its Personal Computing Division to Lenovo Group, IBM's hardware and software revenue from its Personal Computing Division was greater than $1 billion from 2000 through 2004." Defendant asserted that the above-referenced allegations in the complaint, plus the statement regarding IBM's revenue from its Personal Computing Division, are sufficient to establish that the amount in controversy is at least $75,000.

The court disagrees. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state

court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).  However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

When the amount of damages plaintiff seeks is unclear from the complaint, the removing defendant bears the burden of proving facts by a preponderance of the evidence to support a finding that the amount in controversy exceeds $75,000.  Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006).  That is, the removing defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the jurisdictional amount requirement.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  A "mere averment" that the amount in controversy exceeds $75,000 is insufficient.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

Here, defendant has provided no evidence establishing that the amount in controversy exceeds $75,000.  In particular, defendant has established no connection between the $1 billion in revenue that IBM is alleged to have received from its Personal Computing Division between 2000 and 2004, on the one hand, and the amount actually in controversy in this action.  No later than December 15, 2010, defendant shall file a brief not to exceed 10 pages, setting forth facts showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Plaintiff may file a response, not to exceed 10 pages, no later than December 22, 2010.

**IT IS SO ORDERED.**

Dated: December 10, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge