| | |
|---|---|
| 1 | JEFF G. RANDALL (SB# 130811) |
| | jeffreyrandall@paulhastings.com |
| 2 | THOMAS VIGDAL (SB# 252814) |
| | thomasvigdal@paulhastings.com |
| 3 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| | 1117 S. California Avenue |
| 4 | Palo Alto, CA  94304-1106 |
| | Telephone:  (650) 320-1800 |
| 5 | Facsimile:  (650) 320-1900 |
| 6 | Attorneys for Defendant |
| | INTERNATIONAL BUSINESS MACHINES CORPORATION |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| BRUCE BIERMAN, | | CASE NO. 4:10-CV-04199 PJH |
| Plaintiff, | | **ANSWER OF DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION** |
| v. | | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION; and DOES 1 through 100, inclusive, | | |
| Defendant. | | |

Defendant International Business Machines Corporation ("IBM") hereby answers the Second Amended Complaint of Plaintiff BRUCE BIERMAN ("Bierman"), as follows:

**NATURE OF THE ACTION**

1. IBM lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1, and on that basis, denies such allegations.

2. IBM lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 2, and on that basis, denies such allegations.

3. IBM denies the allegations in Paragraph 3.

4. IBM denies the allegations in Paragraph 4.

5. IBM denies the allegations in Paragraph 5.

6. IBM admits that it has applied for one or more patents relating to data protection. IBM denies the remaining allegations of Paragraph 6.

7. IBM denies the allegations in Paragraph 7.

**THE PARTIES**

8. IBM lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, and on that basis, denies such allegations.

9. IBM admits that it is a New York corporation, with its principal place of business at 1 New Orchard Road, Armonk, New York 10504. IBM further admits that it sells and markets products and services in the State of California. IBM denies the remaining allegations of Paragraph 9.

**GENERAL ALLEGATIONS**

10. IBM denies the allegations in Paragraph 10.

11. IBM denies the allegations in Paragraph 11.

12. IBM denies the allegations in Paragraph 12.

**JURISDICTION AND VENUE**

13. IBM admits that this Court has personal jurisdiction over IBM and that venue is proper in this Court. IBM denies the remaining allegations of Paragraph 13.

**FACTUAL BACKGROUND**

14. IBM lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14, and on that basis, denies such allegations.

15. IBM lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15, and on that basis, denies such allegations.

16. IBM lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 16, and on that basis, denies such allegations.

17. IBM lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17, and on that basis, denies such allegations.

18. IBM denies the allegations in Paragraph 18.

19. IBM denies the allegations in Paragraph 19.

20. IBM denies the allegations in Paragraph 20.

21. IBM denies the allegations in Paragraph 21.

22. IBM denies the allegations in Paragraph 22.

23. IBM denies the allegations in Paragraph 23.

24. IBM denies the allegations in Paragraph 24.

25. IBM denies the allegations in Paragraph 25.

26. IBM denies the allegations in Paragraph 26.

27. IBM denies the allegations in Paragraph 27.

28. IBM denies the allegations in Paragraph 28.

29. IBM denies the allegations in Paragraph 29.

30. IBM denies the allegations in Paragraph 30.

31. IBM denies the allegations in Paragraph 31.

32. IBM denies the allegations in Paragraph 32.

33. IBM denies the allegations in Paragraph 33.

34. IBM denies the allegations in Paragraph 34.

35. IBM denies the allegations in Paragraph 35.

1  36. IBM lacks knowledge or information sufficient to form a belief as to the
2  allegations in Paragraph 36, and on that basis, denies such allegations.
3  37. IBM denies the allegations in Paragraph 37.
4  38. IBM denies the allegations in Paragraph 38.

## FIRST CAUSE OF ACTION

## Misappropriation of Trade Secrets

## (California Civil Code § 3426, *et seq.*)

8  39. In response to Paragraph 39, IBM incorporates by reference its responses to the
9  preceding paragraphs of the Second Amended Complaint.
10 40. IBM lacks knowledge or information sufficient to form a belief as to the
11 allegations in Paragraph 40, and on that basis, denies such allegations.
12 41. IBM denies the allegations in Paragraph 41.
13 42. IBM denies the allegations in Paragraph 42.
14 43. IBM denies the allegations in Paragraph 43.
15 44. IBM denies the allegations in Paragraph 44.
16 45. IBM denies the allegations in Paragraph 45.
17 46. IBM denies the allegations in Paragraph 46.

## SECOND CAUSE OF ACTION

## Breach of Confidence

20 47. In response to Paragraph 47, IBM incorporates by reference its responses to the
21 preceding paragraphs of the Second Amended Complaint.
22 48. IBM denies the allegations in Paragraph 48.
23 49. IBM denies the allegations in Paragraph 49.
24 50. IBM denies the allegations in Paragraph 50.

## THIRD CAUSE OF ACTION

## Breach of Implied-in-fact Contract

27 51. In response to Paragraph 51, IBM incorporates by reference its responses to the
28 preceding paragraphs of the Second Amended Complaint.

1  52. IBM denies the allegations in Paragraph 52.
2  53. IBM denies the allegations in Paragraph 53.
3  54. IBM denies the allegations in Paragraph 54.

## FOURTH CAUSE OF ACTION

### Intentional Misrepresentation and Fraudulent Concealment

55. In response to Paragraph 55, IBM incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint.

56. IBM denies the allegations in Paragraph 56.
57. IBM denies the allegations in Paragraph 57.
58. IBM denies the allegations in Paragraph 58.
59. IBM denies the allegations in Paragraph 59.
60. IBM denies the allegations in Paragraph 60.
61. IBM denies the allegations in Paragraph 61.
62. IBM denies the allegations in Paragraph 62.
63. IBM denies the allegations in Paragraph 63.

## FIFTH CAUSE OF ACTION

### Breach of Contract — Non-Disclosure Agreement

64. In response to Paragraph 64, IBM incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint.

65. IBM denies the allegations in Paragraph 65.
66. IBM denies the allegations in Paragraph 66.
67. IBM denies the allegations in Paragraph 67.
68. IBM denies the allegations in Paragraph 68.
69. IBM denies the allegations in Paragraph 69.

## SIXTH CAUSE OF ACTION

### Breach of Contract — Licensing Agreement

70. In response to Paragraph 70, IBM incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint.

| | | |
|---|---|---|
| 1 | 71. | IBM denies the allegations in Paragraph 71. |
| 2 | 72. | IBM denies the allegations in Paragraph 72. |
| 3 | 73. | IBM denies the allegations in Paragraph 73. |
| 4 | 74. | IBM denies the allegations in Paragraph 74. |
| 5 | 75. | IBM denies the allegations in Paragraph 75. |

**SEVENTH CAUSE OF ACTION**

**Unjust Enrichment/Restitution**

76. In response to Paragraph 76, IBM incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint.

77. IBM denies the allegations in Paragraph 77.

78. IBM denies the allegations in Paragraph 78.

79. IBM denies the allegations in Paragraph 79.

80. IBM denies the allegations in Paragraph 80.

**EIGHTH CAUSE OF ACTION**

**An Accounting**

81. In response to Paragraph 81, IBM incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint.

82. IBM denies the allegations in Paragraph 82.

83. IBM denies the allegations in Paragraph 83.

84. IBM denies the allegations in Paragraph 84.

85. IBM denies the allegations in Paragraph 85.

86. IBM denies the allegations in Paragraph 86.

//
//
//
//
//
//

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:  Lack of Standing**

87. Bierman's claims are barred, in whole or in part, because Bierman lacks standing to assert the causes of action.

88. In September 1988, Intellisoft International, a company Bierman allegedly owned that allegedly distributed his technology, filed a petition in the United States Bankruptcy Court for the Northern District of California.  In the schedules accompanying its bankruptcy petition, Bierman, as president of Intellisoft International, declared under penalty of perjury that Intellisoft International did not own or assign any intellectual property or contractual rights or have any licensing agreements.  Bierman also did not disclose to the bankruptcy court that his mother actually bought Intellisoft International while its bankruptcy was ongoing.

89. In September 1993, Bierman filed a petition in the United States Bankruptcy Court for the Central District of California.  In the schedules accompanying his bankruptcy petition, Bierman declared under penalty of perjury that he did not own any intellectual property rights.

90. In October 2005, Bierman filed a petition in the United States Bankruptcy Court for the Central District of California.  In the schedules accompanying his bankruptcy petition, Bierman declared under penalty of perjury that he did not own any intellectual property rights.

91. Therefore, Bierman has no standing to assert any alleged trade secrets in this lawsuit.

92. Bierman also lacks standing to assert claims based on alleged contracts of and/or injuries to business entities that are not named as plaintiffs in this lawsuit.

**Second Affirmative Defense:  Laches**

93. Bierman's claims are barred, in whole or in part, under the equitable doctrine of laches.

94. The conduct and transactions upon which Bierman bases his claims for relief are alleged to have occurred between 15 and 25 years ago.  In the intervening decades, Bierman has taken no action to pursue any alleged claims against IBM until the filing of this lawsuit.

95. During those 15 to 25 years, a period during which IBM's business has changed, IBM made significant investments in developing its products and services, and any institutional knowledge that IBM had of any of the alleged events and activities that Bierman relates has faded or disappeared.

96. As such, Bierman unreasonably delayed in bringing suit against IBM and that unreasonable delay has caused both economic and evidentiary prejudice to IBM.

**Third Affirmative Defense: Statute of Limitations**

97. Bierman's claims are barred, in whole or in part, under the applicable statute of limitations.

**Fourth Affirmative Defense: Unclean Hands**

98. Bierman's claims are barred, in whole or in part, under the equitable doctrine of unclean hands, based at least upon his assertion in this case of intellectual property rights when he has three times declared to United States Bankruptcy Courts that neither he nor Intellisoft International had ownership of any intellectual property rights.

**Fifth Affirmative Defense: Judicial Estoppel**

99. Bierman's claims are barred in whole, or in part, under the doctrine of judicial estoppel based at least upon Bierman's prior representations to the United States Bankruptcy Courts that neither he nor Intellisoft International had ownership of any intellectual property rights.

**Sixth Affirmative Defense: Generally Known or Readily Ascertainable**

100. Bierman's alleged trade secret and confidential information were generally known and readily ascertainable by proper means, such as availability in trade journals, reference books, independent development, published materials, or other public information.

**Seventh Affirmative Defense: Failure to Take Reasonable Steps to Maintain Secrecy**

101. Bierman, his companies, his licensees, or others he disclosed his alleged trade secrets and confidential information to failed to take reasonable steps to maintain their secrecy.

//

//

**Eighth Affirmative Defense:  Statute of Frauds**

102. Bierman is not entitled to the relief sought because, to the extent that he is relying on non-written material to support his claims, he is barred by the Statute of Frauds.

## DEMAND FOR JUDGMENT

Wherefore, IBM requests that this Court enter judgment as follows:

A. Denying any and all relief Bierman requests in his Complaint, and dismissing the Complaint with prejudice;

B. Awarding IBM its costs and attorney fees; and

C. Awarding IBM such other and further relief as the Court deems just and proper.


DATED:  January 24, 2011          Respectfully submitted,

                                  PAUL, HASTINGS, JANOFSKY & WALKER LLP


                                  By:  _____/s/ Thomas Vigdal_____
                                          JEFF R. RANDALL
                                          THOMAS VIGDAL


                                  Attorneys for Defendant
                                  INTERNATIONAL BUSINESS MACHINES
                                  CORPORATION